MERCHANTS' NATIONAL BANK OF CROOKSTON *vs.* ROBERT STANTON *et al.*

Argued by appellant, submitted on brief by respondent, Nov. 14, 1894.   Reversed Dec. 28, 1894.

No. 9044.

**Finding held not responsive to the question sent down for trial.**

 *Held*, that a finding of fact made by the court below to the effect that at no time was there any contract, agreement, or understanding between defendants D. and S. that the mill building and machinery herein involved, or either, should attach to or become a part of the real estate on which the building was erected, was not responsive to the real question to be tried as determined on a former appeal. 55 Minn. 211.

**The second finding predicated on the first can not stand.**

 *Held*, also, that as a subsequent finding in reference to said mill building seems to have been predicated and dependent upon the finding above alluded to, no fact was found on which a judgment in favor of defendant M. can rest.

**Rulings as to evidence.**

 Certain rulings of the trial court when receiving evidence considered, and *held* erroneous.

Appeal by plaintiff, the Merchants National Bank of Crookston, from a judgment of the District Court of Polk County, *Frank Ives,* J., entered March 3, 1894, decreeing an oatmeal mill to be personal property and not subject to a mortgage of the real estate on which it stood.

The plaintiff brought this action to foreclose a mortgage given to it on April 14, 1887, by defendants, Robert Stanton and wife, upon lot seven (7) in block twelve (12) in Fletcher & Houston's Addition to Crookston, to secure the payment to it of the note of himself and defendant Dobson for $5,050 and interest.   Stanton bought the lot and took a deed of it that day from Dobson and wife.   In 1888, defendant, Samuel L. Dobson, built an oatmeal mill on this lot with Stanton's consent and placed in it suitable machinery for manufacturing oatmeal.   Defendant, Nicholas Martin of Chicago, Ill., furnished Dobson $5,503.33 of the money used to build and equip the mill and Dobson on March 6, 1889, gave him in good faith a chattel mortgage on the mill and machinery to secure repayment of that

sum and interest and afterwards gave Martin a bill of sale of the mill and machinery. The contest is between plaintiff and Martin for priority of lien on the mill building and machinery.

At the first trial of the issues in the action September 6, 1892, findings were made that the mill and its machinery were part of the real estate and embraced in the lien of the mortgage to plaintiff and judgment was entered that it be sold to pay the debt. On appeal that judgment was reversed. 55 Minn. 211. The case was remanded to the District Court to try the issue whether or not there was any agreement express or implied between Stanton and Dobson that the mill should be built on Stanton's land and remain Dobson's property, it being considered that plaintiff had no better or greater right to the mill and machinery than Stanton had.

This second trial was had February 16, 1894, and findings were made that there was no contract that the mill should become a part of the realty; but the findings did not state whether or not there was a contract that the mill should remain Dobson's property. The conclusion of the trial court on the finding was that the mill was not subject to plaintiff's mortgage. Judgment for defendants was entered on these findings and plaintiff appeals.

*John Cromb* and *A. C. Wilkinson,* for appellant.

There is but one issue. All the others were settled and determined on the former appeal. *Merchants' Nat. Bank* v. *Stanton,* 55 Minn. 211. That issue is this: Do the facts and circumstances shown in evidence establish such an agreement between Dobson and Stanton regarding the mill as to preserve its character as personal property, or did it by its attachment to the realty, become a part of the same? This issue was not the issue determined by the court below. That court entertained an erroneous view of the matter, and tried the case upon an entirely different issue.

Plaintiff called the defendants Dobson and Stanton as witnesses under Laws 1885, ch. 193, to prove the facts and circumstances in connection with the erection of the mill. This the court refused to allow and compelled plaintiff to make each of them its own witness and refused to allow the plaintiff to introduce counter testimony on the ground that the appellant could not contradict his own witnesses.

For the purpose of showing Dobson's relation to the land, and his

intention in placing the mill and machinery upon it the court should have allowed the plaintiff's witness Stephens to testify to the conversation that he had with the defendant Dobson in the spring of 1887, before the mill was built, as to the ownership of that lot, and what he intended to do with it, as it directly tended to show Dobson's interest in the property and the purpose for which the mill was built. But this was refused and plaintiff excepted.

Again, it was error in the court to refuse to allow plaintiff to prove by the witness Stanton, not for the purpose of defeating Stanton's title to the lot, but for the purpose of showing that it was simply an accommodation deal between Stanton and Dobson, that Dobson was to retain the use of the lands the same as before the transfer was made, or, in other words, to show that while he had no paper title he still retained an interest in the land.

The court also erred in refusing to allow plaintiff to show by the defendant Dobson that he had an understanding with Stanton that the transfer of the lot was an accommodation between them and that Dobson should some time have a reconveyance.

The court below mistook the issues submitted to it by this court, and decided the case upon an issue that was not before it; therefore, the judgment should be reversed.

*A. A. Miller*, for respondents.

Unless in the testimony taken upon the second trial there were facts or circumstances shown in evidence which establish an intention or agreement on the part of Dobson and Stanton that the building and machinery should become a part of the realty, the decision of the court below must be affirmed and the building and machinery decided to be personal property and not subject to the lien of the plaintiff's mortgage.

Stanton in his testimony says: "There was no agreement or contract of any kind with reference to the mill and machinery. I had no interest at any time in that mill building or machinery. I never claimed any right or interest to that mill building, either as owner or any other way. There was no agreement between us at all that the mill and machinery should become a part of the real estate." This is proof positive and conclusive that no such intention existed either in the mind of Dobson or Stanton, but that on the contrary

they both understood that this building and machinery were the sole and exclusive property of Dobson.

On the trial there was but one issue, viz. the status of the mill property and that issue was between the plaintiff and the defendant Martin solely. Dobson and Stanton were entirely out of the case, any issues as to them having been finally determined in the former judgment. On the trial of this issue these parties bore the same relation both to the plaintiff and to Martin as did the other witnesses, not parties to the action. The statement of this proposition is a sufficient argument to support of the ruling of the court below.

The court refused to allow A. D. Stephens, a witness for plaintiff, to testify to a conversation he had with Dobson with relation to the ownership of the lot and what he intended to do with it. This conversation was between Dobson and a stranger, both to the plaintiff and the respondent Martin. It took place more than six months prior to the time when Dobson commenced to erect the mill and was rightfully excluded, as it could have no possible bearing upon what the intention of Dobson or Stanton was at the time the mill was built.

COLLINS, J. The facts in this case appear in the report on a former appeal, 55 Minn. 211, (56 N. W. 821.) The cause having again been brought to trial before the court without a jury, findings of fact, with conclusions of law, were made and filed, on which judgment was entered to the effect that the mill building and the machinery were, and always have been, personal property, and that the chattel mortgage and bills of sale held by defendant Martin were, and from their dates had been, valid and subsisting first liens thereon. Further, that plaintiff's mortgage was not a lien on the mill building or machinery. This appeal by plaintiff is from the judgment.

The findings of fact of which plaintiff particularly complains are the fifth and sixth, as follows:

"(5) That there was never any contract, agreement, or understanding between the defendant S. L. Dobson and the defendant Robert Stanton that said building and machinery, or either thereof, should attach to or become a part of the realty of said lot 7, block 12, or any part thereof, either at the time the same was erected or at any other time.

"(6) That said mill building was always the personal property of the defendant S. L. Dobson, and was always so considered and treated, both by himself and the defendant Robert Stanton."

It is evident from these findings and from a memorandum attached that the court misunderstood our views as expressed in the former opinion, and misapprehended the question of fact which we found it necessary to submit for determination when the case was here before. The question to be passed upon, as the result of a reversal, as to defendant Martin, of the first judgment, was not whether, at the time the mill building was erected and its machinery placed, or at any other time, there was an understanding, agreement, or contract between defendants S. L. Dobson and Robert Stanton that the same should attach to or become a part of the realty, but rather whether there was an intention of these persons, or an understanding or agreement between them, when the building was erected, that it and the machinery required for its operation as an oatmeal mill should remain personal property.

As was said in the former opinion, there is no doubt but that such a structure and its appliances would, in the absence of any agreement of the parties to the contrary, become a part of the realty, and belong to the owner of the soil. It needs no words to demonstrate that a finding that no agreement was made that the mill should attach to or become a part of the realty on which it was built is totally different from one that the mill was to remain personal property. The finding numbered 5, above quoted, was not responsive to the real issue, and wholly insufficient for the basis of a judgment in favor of defendant Martin, the owner and holder of the chattel mortgage and bills of sale. As the next, No. 6, that the building was personal property, seems to have been predicated and dependent upon the fifth finding, and must fall with it, no fact was found on which the judgment can rest. A new trial must be had. And the burden of proof will be on the defendants to show that there was an understanding or agreement that the mill and its machinery were to remain personal property.

Before closing we deem it well to refer to some of the rulings of the court below of which appellant complains. Any evidence pertinent to the single issue which now remains to be disposed of should be received. It was therefore error for the court to exclude testi-

mony tending to show that, although Dobson had conveyed to Stanton, just prior to the execution and delivery of plaintiff's mortgage, the legal title to the real estate on which the mill was built, the conveyance was simply for Stanton's accommodation, that he might mortgage the property, and that Dobson was the equitable owner thereof. Evidence of the fact would be a circumstance showing the intention and understanding when the mill was built.

It was also error for the court to refuse to allow plaintiff's counsel to examine Dobson and Stanton in accordance with the provisions of Laws 1885, ch. 193. They were parties to the record, and subject to be called for examination by plaintiff, an adverse party in fact as well as in name.

Judgment reversed.

(Opinion published 61 N. W. 680.)