MERCHANTS NATIONAL BANK OF CROOKSTON v. ROBERT STANTON and Others.[1]

Oct. 10, 1895.

Nos. 9658—(253).

**Fixtures—Mortgage—Evidence.**
   *Held*, the findings of fact are sustained by the evidence.

**Same—Evidence.**
   Certain rulings of the trial court on the admission of evidence reviewed, and *held* not erroneous.

Appeal by plaintiff from a judgment of the district court for Polk county, entered in pursuance of the findings and order of Ives, J. Affirmed.

*John Cromb* and *A. C. Wilkinson*, for appellant.
*A. A. Miller*, for respondent.

1 Reported in 64 N. W. 390.

CANTY, J.   This action has been three times tried in the court below, reversed twice by this court on the two former appeals, and is now here for the third time.   Most of the facts appear in the opinion rendered on the first appeal (see 55 Minn. 211, 56 N. W. 821),. and a few additional facts appear in the opinion rendered on the second appeal (see 59 Minn. 532, 61 N. W. 680).   After the case was reversed and remanded the second time for the trial of the single question whether or not the oat-meal mill attached to and became· a part of the realty, and thereby became a part of plaintiff's mortgage security, it was again tried by the court without a jury, and the court found that, when erected, the mill was and always remained, the personal property of Dobson, that the chattel mortgage· of Martin is a first lien on the same, and that plaintiff's mortgage is not a lien on the same, and ordered judgment accordingly.   From the judgment rendered thereon, plaintiff appeals.

It appears by the evidence and findings that, for several years· prior to the day on which plaintiff's mortgage was made, defendant Dobson owned lot 7,—the land in question,—and on that day, by a deed absolute on its face, conveyed it to defendant Stanton, who thereafter, on the same day, mortgaged it to plaintiff.   Dobson afterwards built the mill partly on this lot and partly on the adjoining lot (8), which he had leased of one Reckitt.

It is contended by appellant that it conclusively appears from the evidence that said deed from Dobson to Stanton, of lot 7, was not given or received as an absolute conveyance, but merely as· security to secure and indemnify Stanton and the plaintiff.   Of course, if it conclusively appears that Dobson continued to be the· equitable owner of the lot after he made the deed to Stanton, then it must be held that he simply built the mill on his own land, and that it immediately attached to, and became a part of, that land. But while the evidence tends very strongly to prove that the deed' from Dobson to Stanton was intended by both parties merely as a mortgage to indemnify Stanton, and to be used by him to secure· plaintiff, yet we cannot hold that this proof is conclusive.   The presumption is that a deed absolute on its face is an absolute conveyance.   The burden is on the party asserting that such a deed is a mortgage to prove it.   When this proof is oral, it is peculiarly·

within the province of the trial court to weigh such proof, and find upon it. In this case the trial court has found that the deed in question was not a mortgage, but what it purports to be,—an absolute conveyance; and, while the evidence is quite strong to the contrary, we do not feel that we can disturb the finding. We will not attempt to recite this evidence. Some portions of it are much stronger in favor of plaintiff than the whole of it taken together, and we cannot take the time to state all the facts and circumstances which bear on the question.

The court finds that there was an implied agreement between Stanton and Dobson that the mill should be the personal property of Dobson, but that there was no express agreement to that effect. It is urged by appellant that this finding is a mere conclusion, and not sufficient to sustain the judgment. Whether this is true, or not, it is not necessary to decide, as the court has also found that the mill was built by Dobson with the consent of Stanton; and, under the rule laid down in the opinion in the first appeal, an agreement that the building shall remain the personal property of Dobson will be implied.

Several rulings of the court are assigned as error. Plaintiff moved to strike out all of the evidence of the defendant Stanton relating to his knowledge of the giving of the chattel mortgage to Martin during the construction of the mill, on the ground that the same was hearsay. The motion was denied, and plaintiff excepted. It is difficult to understand how a stranger to the transaction, like Stanton, would be likely to acquire such knowledge, except by hearsay. This evidence was competent, as tending to show the relation of Dobson and Stanton to each other during the time the mill was being erected. Neither was it error to admit in evidence the chattel mortgage and bill of sale to Martin, as these went to prove that Martin had a claim to the building.

The first trial was had upon a written stipulation of facts, signed by both parties. On the last trial a part of this stipulation, reciting and admitting the existence of certain of these facts, relevant to the issues, was offered and received in evidence against plaintiff's objection and exception. This stipulation was clearly competent evidence on the subsequent trial. 1 Thompson, Trials, § 361. It

was not error to admit evidence that, at the time Dobson deeded the lot to Stanton, he (Dobson) was indebted to Stanton.

This disposes of all the questions in the case worthy of consideration.

Judgment affirmed.