[No. 1550.  Decided January 22, 1895.]

H. H. KITTRIDGE, *Respondent,* v. FRED STEGMIER *et al.,*
*Defendants,* C. W. CARSON, *Appellant.*

RELEASE OF SURETY — SURRENDER OF SECURITY — REQUEST TO DEBTOR
TO SUE — IMMATERIAL ALTERATION OF NOTE.

A surety upon a promissory note cannot claim discharge from liability because of the fact that the payee has released a chattel mortgage by the principal debtor securing the same debt, when the proceeds from the sale of the mortgaged goods were all credited upon the note.

A mere oral request upon the part of the surety to sue, and a promise upon the part of the creditor to comply, will not constitute a waiver of the notice in writing required by Code Proc., § 756, when it appears that the demand for suit had been made some ten months before suit was actually brought by the creditor.

If, after a surety has notified the creditor to bring suit, he subsequently consents to the dismissal of the suit brought pursuant to such notice, he will remain bound without any new promise.

An indorsement on the back of a promissory note in the following words: " With privilege of three months' extension, if security remains satisfactory," although made by the payee after delivery and without the knowledge of the surety, will not have the effect of dis-

charging the surety; as it is an immaterial alteration, in no way changing the rights or obligations of the parties.

*Appeal from Superior Court, Spokane County.*

*Plummer & Thayer,* for appellant.

*S. & J. W. Douglas,* and *Blake & Post,* for respondent.

The opinion of the court was delivered by

GORDON, J.— Respondent brought this action in the court below against defendants Stegmier, Spoor and Carson, to recover the sum of $864.60 upon a promissory note executed to plaintiff by defendants, bearing date Spokane, March 19, 1892, due three months thereafter. Said note bore the following indorsement: "With privilege of three months' extension, if security remains satisfactory. H. H. KITTRIDGE." Appellant Carson alone defended. In his answer he alleges that he was a surety for defendant Stegmier, receiving no part of the consideration for which the note was given, which fact was known to plaintiff; that, to secure the payment of said note, Stegmier, his principal, executed to plaintiff a chattel mortgage on a stock of goods, consisting principally of painters' and glaziers' supplies, which mortgage contained a provision that all moneys received from the sale of the mortgaged goods should be applied to the payment of the note; that plaintiff thereafter, instead of requiring that the proceeds of such sales should be applied to the payment of the note, permitted Stegmier to retain the same, and released a large portion of the property so mortgaged. For a further defense he alleges that after the maturity of the note and on "to wit, between the 19th day of June, 1892, and the 10th day of May, 1893," he made a verbal demand upon plaintiff to bring suit upon the note and prosecute the same to judgment; that the

plaintiff promised so to do, and that defendant, relying upon said promise, did not give the written notice contemplated by § 756, Code Proc.; that thereafter, to wit, on May 10, 1893, plaintiff did institute suit upon said note, which suit was subsequently, on February 21, 1894, dismissed by plaintiff without proceeding to judgment against Stegmier, the principal. Plaintiff replied, denying generally and specifically each of the several matters of affirmative defense contained in the answer. There was a trial to the court and a jury impaneled, and at the close of the case for plaintiff the court denied the appellant's motion for a non-suit, and an exception was taken. When the evidence was concluded, the court, upon plaintiff's motion, directed a verdict for the plaintiff for the amount claimed in the complaint. To this ruling an exception was taken. From the order overruling appellant's motion for a new trial, and judgment upon the verdict, appellant prosecutes this appeal.

As to the first defense above noticed, it is sufficient to say that, conceding that appellant was merely the surety of Stegmier, and that the law is that where a creditor has a surety for a debt and also has a lien on the property of the principal debtor for security, and he releases such lien, the surety is discharged from liability to the extent of the value of the lien lost, still there was no evidence introduced from which the jury would have been warranted in finding that plaintiff released any portion of the mortgaged property, or that the proceeds of the sales thereof were not wholly applied to the payment of the note. Plaintiff was the sole witness examined on this branch of the case, and testified as follows :

" Stegmier, after the execution of the note in suit and the chattel mortgage, still held possession of the property described in the mortgage, and, from time to

time, sold and disposed of the same and paid me the proceeds, which were credited upon the note. Finally, after the property had about all been disposed of, the remnant was sold for $25, and the proceeds were paid me and credited upon the note."

He further testified :

" I afterwards released said mortgage and gave it to Stegmier, after writing on the same that it was canceled and paid."

This testimony is nowhere discredited or denied, and clearly as to this branch of the case the court below committed no error in withdrawing its consideration from the jury.

As to the second defense above noticed, appellant insists that the giving of the verbal notice, coupled with the promise of plaintiff to bring suit, and the subsequent bringing of the suit, constituted a waiver on the part of the plaintiff of the "notice in writing" contemplated by § 756, *supra*, and that the subsequent dismissal of the suit by the plaintiff operated in law to discharge the appellant from his obligation as surety.

We think the position is not well taken. While we have no doubt that the "notice in writing" may be waived, it seems to be well settled that a mere oral request upon the part of the surety to sue, and a promise upon the part of the creditor to comply with the request, will not in general, or when unaccompanied by other declarations or circumstances, constitute such waiver. *Chrisman v. Tuttle,* 59 Ind. 155; *English v. Bourn,* 7 Bush, 138.

Nor does the fact that the plaintiff thereafter brought suit, and subsequently dismissed it, operate to exonerate the surety under the circumstances of this case. The allegations of the answer in this regard are too

indefinite to enable us to conclude that the suit was brought as a result of the notice. According to the answer, the notice was given "between the 19th day of June, 1892, and the 10th day of May, 1893," but suit was not brought until May 10, 1893, and the only demand which the evidence tended at all to prove was made in July, 1892, ten months before suit was brought; hence, neither under the allegations of his answer nor the proof submitted under it, is the appellant in a position to claim that the bringing of the suit constituted a waiver by respondent of the written notice. Nor can he be heard to urge that plaintiff's dismissal of the suit without proceeding to judgment against Stegmier exonerated him, because he not only was in court at the time defending as a surety and had notice of plaintiff's application and made no objection to it, but we think the dismissal was brought about by his own conduct upon the hearing, and that he must be deemed to have consented to it.

"If, after a surety has notified the creditor to bring suit, he subsequently consents to the dismissal of the suit brought pursuant to such notice, he will remain bound without any new promise." Brandt, Suretyship and Guaranty (2d ed.), § 609.

Lastly, the appellant contends that the indorsement on the back of said note in suit, viz., "With privilege of three months' extension, if security remains satisfactory," was placed thereon after the note was signed by the appellant and without his knowledge or consent, and that the court erred in admitting the note bearing this indorsement in evidence under the pleadings.

Assuming the fact to be as claimed by the appellant, we deem it wholly immaterial. The indorsement in no sense changed the rights, interests, duties or obligations of the parties, hence was and is immaterial.

*Derby v. Thrall,* 44 Vt. 413 (8 Am. Rep. 389); *Herrick v. Baldwin,* 17 Minn. 209 (10 Am. Rep. 161). It cannot be considered as an unqualified or definite agreement to extend the time of payment of the note, and was in no sense binding upon the parties. It was not an enforceable agreement for the extension of time.

We conclude that there was no evidence which tended to show that appellant, as surety for defendant Stegmier, was prejudiced by any act of respondent, or that respondent omitted to perform any duty which he owed to appellant by reason of such suretyship; and the learned judge was right in directing a verdict for the respondent, and the judgment entered upon it is affirmed.

HOYT, C. J., and SCOTT, ANDERS and DUNBAR, JJ., concur.