MINNIE J. WEBSTER v. WILLIS A. McDOWELL.[1]

December 6, 1907.

Nos. 15,394—(77).

**Mortgage—Evidence.**

Action to have a deed declared a mortgage. Findings of fact to the effect that the deed was absolute, that it was based upon a fair consideration, and justly obtained by the defendant. *Held*, that the findings are sustained by the evidence, and that there were no reversible errors in the rulings as to the admission of evidence of the trial court.

Action in the district court for Hennepin county to have a certain deed declared a mortgage. The case was tried before F. V. Brown, J., who found that plaintiff was not entitled to any relief. From an

1 Reported in 113 N. W. 1021.

order denying her motion for a new trial, plaintiff appealed. Affirmed.

*S. R. Child* and *Benj. Drake,* for appellant.

*John H. Steele,* for respondent.

START, C. J.

This action, in legal effect, is one to have a deed of a section of land in the county of Norman, made by the plaintiff and others to the defendant, adjudged a mortgage to secure the payment of $8,700, and to require the defendant to account for the proceeds of a sale of the land made by him. The allegations of the complaint were such as to entitle the plaintiff to some substantial relief if they were proven. The controlling issues made by the answer related to the question whether the deed was in fact intended as a mortgage. The cause was tried without a jury, and findings of fact made favorable to the defendant, and as a conclusion of law judgment on the merits in favor of the defendant was directed. The plaintiff appealed from an order of the district court of the county of Hennepin denying her motion for a new trial.

The assignments of error raise two general questions: (a) Are the findings of fact sustained by the evidence? (b) Did the trial court err, to the substantial prejudice of the plaintiff, in any of its rulings at the trial?

1. It is practically admitted that the plaintiff's husband was adjudged a bankrupt, and a trustee of his estate appointed, for whom the defendant was attorney; that the trustee began actions against the plaintiff to recover several tracts of land, other than the one here in question, on the ground that they were in fact a part of the bankrupt's estate; that at the time the plaintiff's husband was adjudged a bankrupt he was the owner of the section of land in the county of Norman, subject to two mortgages, for $4,000 each, with accrued interest, of which the defendant owned one, which was a second lien, and that the total incumbrances, including taxes, amounted at least to $8,700; that the actions, in May, 1904, were settled by an agreement, to which the plaintiff, her husband, and the trustee were parties, to the effect that the plaintiff should convey the lands which were the subject-matter of the actions to the trustee for the benefit of the

estate, but neither such lands nor the section here in question should be sold before the middle of February next following without her consent, and that all property remaining in the hands of the trustee belonging to the estate, after all claims were paid, with costs of administration, should be her absolute property; that the plaintiff complied with the agreement on her part, and, further, that upon the request and petition of the plaintiff and her husband the trustee was authorized to convey, and did convey, the section of land to the defendant, and that they also executed a deed of the land to him. · The trial court found that the land was conveyed to the defendant pursuant to a contract between the plaintiff and her husband and the defendant, whereby it was agreed that they would sell to him the land for $9,000, to be paid in the manner following: That he would not file his second mortgage against the bankrupt's estate, but would satisfy it and surrender to the trustee the notes accompanying it, which, with interest, then amounted to $4,281.50; that he would take the land subject to the first mortgage, which then, with accumulated interest, amounted to $4,276.40; that he would pay all taxes on the land, amounting to $171.07, making the total incumbrance $8,730.97, and pay to plaintiff the sum of $300 upon the final settlement of the bankrupt's estate. The trial court further found to the effect that the land then was of the reasonable value of $9,000, and no more; that the sale was an absolute one, and the transaction fair and reasonable; and, further, that the defendant performed the terms of the contract on his part. It is the contention of the plaintiff that these findings were not sustained by the evidence.

In legal effect, the plaintiff and the defendant sustained the relation of mortgagee and mortgagor; for he was the assignee of the mortgage, and she stood in the shoes of the mortgagor. If, then, the contract whereby the defendant obtained title to the land was not based upon a fair consideration, or was obtained by the defendant by any oppression, or advantage taken of the necessities of the plaintiff, she is entitled to have the transaction adjudged a mortgage. But if, as the trial court found, the transaction was for a fair consideration, and was untainted by any oppression or advantage taken of the plaintiff, it must stand. De. Lancey v. Finnegan, 86 Minn. 255, 90 N. W. 387. An examination of the record clearly and satisfactorily shows

that the transaction in question was based upon a full and fair consideration, and that no advantage whatever was taken of the plaintiff. The evidence indicates that she was a good business woman, and was assisted and advised by her husband in the negotiations with the defendant, and tends to show that the land was not adequate security for the defendant's second mortgage, and that he intended to prove his claim against the bankrupt's estate, which was more than sufficient to pay all provable claims against it; that the plaintiff was anxious to sell the land for whatever she could get for it over and above the liens thereon, and that the land was worth no more than $9,000, for which sum she tried to sell it to parties other than the defendant. We are of the opinion that the evidence amply sustains the findings of the trial court.

The plaintiff urges that, because the defendant in giving his testimony stated that he was willing to turn over to the plaintiff everything which he received for the land upon being paid the money he had in it within sixty days, the court should have so decreed. The plaintiff did not accept the offer, or ask the trial court to take any action in reference thereto. She cannot here and now accept the offer.

2. The plaintiff assigned some eighteen alleged errors in the rulings as to the admission of evidence of the trial court. We have considered them in detail, and find no reversible error in any of them.

Order affirmed.