# OLINE HOLIEN and Others v. ARCHIE M. SLEE.[1]

January 10, 1913.

Nos. 17,964—(134).

**Deed as mortgage — evidence.**

In an action by the widow and heirs of a grantor against the grantee to have certain deeds declared to be mortgages, an instrument executed by the defendant after the death of the grantor, whereby he agreed to sell a portion of the property involved to one of the heirs, and to accept, as a credit upon the stipulated consideration, the widow's quitclaim deed to another portion of such property, was admissible as evidence tending to show conduct on the part of the defendant inconsistent with his claim of absolute ownership.

**Same — circumstantial evidence.**

The fact that a deed absolute in form is really a mortgage may be established by circumstantial evidence, especially where the grantor is dead.

**Findings sustained by evidence.**

Evidence in an action by the heirs of a grantor to have certain deeds declared to be mortgages, and for other relief, considered, and *held* sufficient to sustain the findings of the trial court in favor of the plaintiffs.

Action in the district court for Goodhue county for an account of the amount due defendant upon certain loans made by him to plaintiff's husband, and to compel defendant to reconvey the interest of plaintiff in the lands conveyed to defendant to secure payment of the loans, or for a partition, or if that could not be made for a sale of plaintiff's share and the balance due her after payment of the expenses. Plaintiff's children were made parties plaintiff by order of court. Defendant Slee's answer expressly denied that the deeds mentioned in the complaint as executed by plaintiff and her husband

[1] Reported in 139 N. W. 493.

Note.—The authorities on the question as to whether a deed absolute on its face, but intended as a mortgage, conveys a legal title are reviewed in a note in 11 L.R.A. (N.S.) 209.

were executed or given as security for debt. The case was tried before Johnson, J., who made findings, as stated on page 263, infra, and ordered judgment in favor of plaintiff Oline Holien in the sum of $622.89, and in favor of each of the other plaintiffs in the sum of $311.46. From an order denying a new trial, defendant Slee appealed. Affirmed.

*William W. Pye,* for appellant.

*A. J. Rockne,* for respondents.

PHILIP E. BROWN, J.

Action seeking to have certain deeds executed by the plaintiff, Oline Holien, and her deceased husband, Andrew A. Holien, adjudged to be mortgages, and for other relief permissible only on the theory that such deeds were mortgages. There is practically no dispute concerning the main facts, which, stated chronologically, are as follows:

On December 7, 1891, Andrew O. Holien, the husband of the plaintiff Oline, was the owner in fee and in possession of lots 9 and 10, of block 4, in Dennison, and on that date, being indebted to the defendant in the sum of $330, they executed a mortgage on such lots to him for the amount of his debt. Default having subsequently occurred, the defendant foreclosed the mortgage, and on May 4, 1901, the lots were sold at mortgage sale to the defendant for $510.40, being the amount due on the mortgage, together with the expenses of foreclosure. On October 14, 1901, Andrew O. Holien was the owner of an undivided one-third interest in 172 acres of farm lands in Goodhue county, the same being in two tracts, one in sections 33 and 34, in Warsaw township, and containing 160 acres, and the other being in section 26, Holden township, and Holien's interest being subject to a life estate in the lands held by his mother. On the day last mentioned he was indebted to the defendant in the sum of $500, and by deed of quitclaim conveyed to the defendant his interest in such farm lands, in consideration, as the defendant claims, of the debt; the lands, however, being worth at that time $60 an acre, inclusive of the life tenant's interest, her age then being 73 or 74

years. This deed was recorded shortly after its execution. Holien thereafter became further indebted to the defendant in the sum of $350, and by deed of quitclaim, dated October 17, 1901, conveyed to him the above-mentioned lots 9 and 10, which were then of the value of $900. This deed was recorded on December 5, 1901. On February 28, 1902, Holien executed to the defendant a quitclaim deed for the stated consideration of one dollar, conveying to him the premises in sections 33 and 34; this deed being made to correct the description in the deed of date October 14, 1901. Oline Holien, the said Andrew's wife, joined in all the above-mentioned conveyances executed by him. On February 28, 1902, Holien and the defendant executed an agreement in writing, wherein the defendant agreed to convey to Holien lots 9 and 10 and the lands in sections 33 and 34, upon the payment of $1,230, payable $30 at the time of the execution of the contract—which was then paid—and $1,200 on October 18, 1906, with interest at the rate of 8 per cent., payable annually, no part of which, either principal or interest, has been paid. On February 27, 1906, the defendant served upon Holien written notice of the cancelation of the contract to convey, if the agreed payments were not made within 30 days from the date of the notice. Holien failed to pay any sum after the service of such notice. On or about April 1, 1906, the defendant took possession of the lots, and has since received the rents and profits thereof. The life tenant of the farm lands died in December, 1909, and the defendant then took possession thereof, and since that date, and until April 1, 1911, received the rents and profits therefrom, also, and on the last-mentioned date he conveyed the lands in sections 33 and 34 to innocent purchasers for the sum of $3,161.73. Holien died February 21, 1907, intestate, and the plaintiffs are his widow, children, and only heirs.

The action was tried to the court without a jury. The court made findings, among other things, in accordance with the facts stated, and in addition thereto, that the several deeds mentioned were mortgages in fact, that the contract of date February 28, 1902, constituted a defeasance, the consideration recited therein being the amount then due the defendant from Holien; and as conclusions of law found

that the plaintiffs, being Holien's widow and children, were the owners of lots 9 and 10, and should recover from the defendant the value of their several interests in sections 33 and 34, after deducting the amount due on the mortgage. Thereafter the defendant moved for a new trial, and from an order denying the motion appealed to this court.

1. The assignments of error, save one, are all based upon the proposition that the court erred in finding that the deeds were in fact mortgages. The other assignment, which, for convenience, we will consider first, relates to the admission in evidence of an instrument designated as "Exhibit B," over the defendant's objection and exception. It appeared that on August 29, 1911, the defendant and Joseph A. Holien, one of the plaintiffs, entered into a written agreement of that date, in which the defendant contracted to convey to Joseph, by warranty deed, a portion of lot 10, upon the payment by Joseph of $1,370. This contract contained the following provision:

"Party of the first part [the defendant, Slee] hereby agrees to accept quitclaim deed from Oline Holien [Joseph's mother, and one of the plaintiffs] covering 177 acres in townships of Warsaw and Holden, in sections 33 and 34, Warsaw, and section 2, Holden [being the farm lands above mentioned], as five hundred dollars ($500) part payment of above purchase price."

"The defendant claims that the only purpose of introducing this contract in evidence was to show an offer of settlement, and thereby impliedly to show that the defendant admitted some claim of plaintiff;" and the defendant argues that, "if this clause meant what plaintiff attempts to imply, it was a mere offer, was without consideration, and was, of course, unaccepted and not evidence." We think that the defendant misconceives the purpose of the offer of this instrument, and, furthermore, that he is mistaken concerning the record; for we find no evidence indicating that, at the time of the execution of this instrument, any of the defendants knew of their alleged equities in the land, or that there was any dispute between the parties as to whether the deeds were really mortgages.

The issues in this action are clear-cut; the ultimate question for determination thereunder being whether the several deeds in question were in fact mortgages. This Exhibit B was properly received in evidence, for it tended to show that the defendant was willing to concede to the son $500 on the purchase price of the lot, if he would induce his mother to deed the farm lands to the defendant. This conduct was inconsistent with the defendant's claim of title in fee, and was, at least, an unusual, if not extraordinary, act on the part of one claiming absolute title. And while not strictly germane to the exact point now under consideration, we will say, further, that such conduct suggests a motive, and what could such motive be, if the defendant's contentions in this case are well founded? The defendant's explanations of his willingness so to contract, viz., because Mrs. Holien had signed all of the deeds by mark and in his absence, and he had heard that she claimed she did not know they included Holien's interest in the farm property, and other matters not necessary to mention, are not persuasive, and certainly the trial court was not bound to accept them as true.

2. We come, now, to the consideration of the question of the sufficiency of the evidence to sustain the findings, and, for the purposes of this case, we will consider that the rule applicable is, as claimed by the defendant, that a mere preponderance of the evidence is insufficient to establish that a deed absolute in form is in fact a mortgage, and that to establish such fact the proof must be clear, strong, and convincing. See 2 Dunnell, Minn. Dig. § 6157. This rule, however, must be taken together with another rule, announced by Mr. Justice Brown in Oertel v. Pierce, 116 Minn. 266, 133 N. W. 797, as follows: "The rule guiding this court in the consideration of the question of whether the findings of the trial court are sustained by the evidence remains the same, whether the fact found be required to be established by a preponderance of the evidence, or by clear, convincing, or satisfactory evidence. The evidence must be clearly against the findings in either case to justify reversal."

There is no direct evidence in the record that Andrew O. Holien ever claimed that the deeds in question were mortgages, or that any of the plaintiffs even objected to the sale of the property by the de-

fendant. The defendant testified in his own behalf, giving his version of the transactions resulting in the several conveyances, and the scrivener who prepared the contract of date February 28, 1902, testified, in effect, that the parties thereto stated that Holien proposed to purchase the properties described in the contract, and that the contract was executed to bind the bargain; "that is to say, if he [Holien] fulfilled his contract, why, he was to have a deed." So far as the defendant's evidence is concerned, it was not of such nature as to require the court to accept it as true. In addition to the facts above recited, it appeared that on August 13, 1898, Johnson & Co. obtained a judgment against Andrew O. Holien for $41.65, which thereafter was purchased by the defendant, who, in October, 1908, caused an execution to be issued thereon and a levy to be made upon the farm lands above mentioned, and also upon a certain other 5-acre tract, and that at the sale under such execution the defendant became the purchaser and received a sheriff's certificate.

While it is true, as claimed by the defendant, that there was no direct evidence tending to prove that the deeds here under consideration were mortgages, such is not unusual where one of the parties to a deed is deceased, as appears here; and nearly always in such cases the plaintiffs' claim must be established, if at all, by circumstantial evidence. Such evidence is admissible in this state to prove all issuable facts in civil cases. 1 Dunnell, Minn. Dig. § 3234. The first transaction between the parties, after the giving of the mortgage in 1891, was the defendant's alleged purchase of Holien's equity of redemption in the lots described, subsequently to the foreclosure of the mortgage. Concerning transactions of this kind, it is stated in Marshall v. Thompson, 39 Minn. 137, 140, 39 N. W. 309, 311:

"Though a mortgagee may purchase the equity of redemption, yet where the relation of mortgagor and mortgagee is once established, the courts scrutinize with great jealousy the acquisition of the equity of redemption by the mortgagee in any other way than by regular foreclosure, and additional conveyances exacted or secured by the mortgagee for his benefit cannot be used to prevent a redemption. They 'proceed from the same old root, and are subject

to the same equity; otherwise hardship and oppression might be practiced upon the mortgagor.' The rule is inflexible, 'Once a mortgage, always a mortgage.' "

In Simpson v. First National Bank, 93 Fed. 309, 35 C. C. A. 306, 311, it was held that, where the relation of mortgagor and mortgagee is shown to have existed, a legal presumption arises that these relations continued, and that transfers or conveyances of property from the debtor to the creditor were made, not in payment of, but as further security for, the debt.

Inadequacy of consideration and conduct inconsistent with the theory of ownership are always material to establish a claim such as is here made by the plaintiffs. The authorities so holding, and likewise upon the other principles above announced, are too numerous and too well settled to require citation. Let us, then, apply these principles to the instant case. It appears conclusively that the consideration, claimed to have been paid by the defendant for the farm lands, was grossly inadequate, and it is significant in this regard that the defendant testified that he did not know what the lands were worth at the time of his alleged purchase. Furthermore the defendant's explanation of why he caused the lands to be sold under execution is unsatisfactory. The instrument of date February 28, 1902, is by no means conclusive as to the true relations existing between the parties. Equity's vision is not circumscribed by formal instruments, but extends through matters of form to the heart of the transaction. Weighing, therefore, all the circumstances disclosed, we think the evidence clearly justified the trial court's determination of the issues in favor of the plaintiffs.

Order affirmed.

Heard before HALLAM, J., took his seat.