MARY JENTZEN AND OTHERS v. J. C. PRUTER AND
OTTO JENTZEN, AS EXECUTORS UNDER THE LAST WILL
AND TESTAMENT OF WILLIAM JENTZEN, DECEASED,
AND OTHERS.[1]

January 7, 1921.

No. 21,981.

Mortgage — purchase at foreclosure sale upon agreement to hold as security for loan.

1. The evidence sustains the findings of the trial court that defendants' ancestor purchased certain land at a foreclosure sale pursuant to an agreement that he should advance, as a loan, the money necessary for that purpose, and take and hold the legal title as security for its repayment, and that the transaction created but a mortgage interest.

Same — interest of purchaser may be a mortgage interest.

2. The interest obtained by a purchaser at a mortgage foreclosure sale, if intended as a security only, may be declared to be a mortgage interest.

Mother's contract may be ratified and enforced by her children.

3. A contract made by a mother in behalf of herself and her minor children may be ratified by the children, and, after ratification, they may enforce it.

Mortgage — statutory limitation inapplicable to conveyance made before its passage.

4. Chapter 209, Laws of 1913, limiting the time within which an action may be brought to declare a conveyance a mortgage to 15 years, has no application to a conveyance made before its passage, given to secure a debt not to mature within 15 years after the statute became operative. The legislature has no constitutional power to limit the

[1]Reported in 180 N. W. 1004.

time to commence an action under an existing contract to a date anterior to the inception of any cause of action arising out of the contract.

**Same — right to foreclose mortgage in existence at time of passage of act.**

5. For similar reasons, chapter 181, Laws 1909, limiting the time in which to foreclose a mortgage to 15 years from the date of the mortgage, unless the time of maturity of the debt is stated in the mortgage, is not operative to limit the right to foreclose an existing mortgage to 15 years from its date, if the right to foreclose did not accrue until after the expiration of 15 years.

Action in the district court for Jackson county to have plaintiffs declared the owners in fee of certain land; to have the interest of William Jentzen, arising through purchase at foreclosure sale, declared a mortgage; to have the mortgage debt computed and permit plaintiffs to redeem the premises therefrom. The answer prayed to have the title to the lands quieted and that the widow be adjudged to be the owner of an undivided one-third interest therein, subject to the administration of the estate of said William. The case was tried before Dean, J., who made findings of fact as set forth in the third and fourth paragraphs of the opinion and conclusions of law as stated in the fifth paragraph of the opinion. From the judgment entered pursuant to the order for judgment, defendants appealed. Affirmed.

*Wilson Borst* and *F. B. Faber,* for appellants.

*E. H. Nicholas* and *Fowler, Schmitt, Carlson & Furber,* for respondents.

HALLAM, J.

1. On June 11, 1888, Henry Schuette owned a quarter section of land in Jackson county and on that date mortgaged it for $500. Later in the same year Mr. Schuette died, leaving his wife, Mary, and six children. Probate proceedings were commenced, but no final decree entered. In 1890 Mary married William Jentzen, a farmer of Car-

roll county, Iowa, a widower with six children. In 1897, Jentzen took an assignment of the $500 mortgage and in July, 1900, foreclosed it and himself bid in the land for $670.50, the amount due on the mortgage. The land was then worth about $4,000.

In June, 1915, Jentzen died, leaving a very substantial estate. He left a will which was probated in Carroll county, Iowa. Mary, his wife, elected not to take under the will and took instead her statutory portion. She also commenced this action, her children joining, asking that plaintiffs be declared the owners in fee of the Jackson county land, and that the interest of William Jentzen, arising by virtue of the foreclosure proceedings, be declared a mortgage, and asking that the amount of the mortgage be computed, and that plaintiffs be permitted to redeem the land therefrom.

The trial court found that, at the time of the foreclosure sale, it was agreed between plaintiffs and Jentzen that Jentzen should purchase the land at the sale for the benefit of plaintiffs; that he should advance, as a loan, the money necessary for that purpose, and should take and hold the legal title as security; that, out of the income derived from the land, interest at 6 per cent per annum should be paid; that the principal might be repaid at his death, and that the land was purchased at the foreclosure sale pursuant to said agreement.

The court further found that at all times since the death of Henry Schuette, plaintiffs have been in possession of said land, claiming to own it subject only to said mortgage lien, have made improvements on the land of the value of $2,000, and during all of said time have paid taxes thereon; that Jentzen never claimed to own the land; that interest on his said loan was paid up to the time of his death; that the value of the land at the time of the trial was $20,000.

As conclusions of law the court found that the transaction, in effect, gave Jentzen but a mortgage interest, that plaintiffs are the owners of said land subject to said mortgage and that they are entitled to redeem the land from said mortgage. Defendants appeal.

Defendants contend that the findings of fact are not sustained by the evidence. With this contention we do not agree. The parties and the trial court acted on the assumption that plaintiff Mary was not a competent witness to conversations with her deceased husband, though her interest in the land is the same whether plaintiffs win or lose. The result is that the testimony as to the real agreement made with Jentzen was all of an indirect or circumstantial character. The testimony is, however, sufficient to sustain the finding, and in fact is quite convincing. There is evidence that Jentzen in his lifetime admitted the agreement substantially as the court found it to be; that he repeatedly admitted that the land belonged to plaintiffs, and exercised no dominion over it, save sometimes as agent of his wife; that plaintiff Mary rented the land, collected the rent, and paid to Jentzen interest on the $500 to the time of his death; that plaintiffs paid the taxes, made substantial improvements as found by the court, and that some of them worked in improving the premises without pay.

In his will made in 1913 Jentzen said: "I also relinquish to my wife all my claims" against said land, "such as I have by reason of improvements made by me or moneys advanced by me for same, and the payment or redemption of a certain mortgage," language quite inconsistent with the idea that Jentzen had for 12 years been the absolute owner of the land. The court's findings were clearly warranted by the evidence.

2. Contention is made that the interest obtained by a purchaser upon a mortgage foreclosure sale cannot be declared a mortgage interest. With this we do not agree. The form of the transaction is not important. The substance controls. If the real nature of the transaction is a loan, upon the security of real estate in which the borrower has a right, the form of the instrument by which the lender acquires his security is not important. Whatever the form, there is a mortgage in fact. Fisk v. Stewart, 24 Minn. 97. A conveyance from a third party is within the rule. Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369. A deed given on judicial sale or foreclosure sale is within the rule. Steele v. Bond, 28 Minn. 267, 9 N. W. 772; 27 Cyc. 993.

3. Contention is made that the Schuette children had no contract with Jentzen and hence have no standing in court to enforce rights against him or his heirs. It is true that whatever contract was made, was made by their mother. It is equally clear, however, that what-ever contract was made by her was in behalf, not only of herself, but of her children as well. They were minors at the time. They might ratify the contract and thereby secure the benefits of it. 22 Cyc. 538; Svanberg v. Fosseen, 75 Minn. 350, 78 N. W. 4, 43 L.R.A. 427, 74 Am. St. 490; Brasch v. Reeves, 124 Minn. 114, 144 N. W. 744; Robertson v. Corcoran, 125 Minn. 118, 145 N. W. 812. They have clearly done so.

4. Contention is made that this action is barred by the statute of limitations. In 1913 a statute was passed, effective November 1, 1913, in terms as follows:

"No conveyance absolute in form between parties sustaining the re-lation of mortgagor and mortgagee, whereby the mortgagor or his successor in interest conveys any right, title or interest in real proper-ty theretofore mortgaged, shall be presumed to have been given as further security, or as a new form of security, for the payment of any existing mortgage indebtedness, or any other indebtedness, or as secur-ity for any purpose whatsoever."

"No action to declare any such conveyance a mortgage shall be maintained unless commenced within fifteen years from the time of execution thereof."

"This act shall apply to all conveyances past and future." Chapter 209, p. 267, Laws 1913.

There may be a question whether this statute has any applica-tion to the facts of this case. The statute was apparently passed to change the rule stated in Grannis v. Hitchcock, 118 Minn. 462, 137 N. W. 186, that a deed from mortgagor to mortgagee was presumed to be given as a new form of security for the payment of the mort-gage indebtedness. It may be doubtful whether a sheriff's certificate of sale issued on a mortgage foreclosure sale is within the operation of the language of the statute.

But, however that may be, we are of the opinion that the statute

cannot bar the rights of these plaintiffs. The facts as found by the court are that the principal sum, advanced by Jentzen and secured by the title conveyed to him, was not required to be paid until his death. This occurred in June, 1916, more than 15 years after the foreclosure sale. During all this time plaintiffs were in possession of the land. They had no cause of action against Jentzen. No right was, by him, denied them. No claim of title had been asserted by him. The debt was not due so they were not required to pay. Had they demanded that the security be put into a different form, his refusal would not have given rise to a cause of action. In other words, if defendants' construction of the statute is correct, it operated to deprive owners in possession of the title to their land, unless they should bring an action before a cause of action arose, against a security holder who claimed nothing but security, to prevent him from assertion of a title he never claimed, and to judicially determine a fact which he always admitted. The legislature had no constitutional power to limit the time to commence an action to vindicate a right under an existing contract to a date anterior to the inception of any cause of action arising out of the contract. A statute, which in this manner bars the existing contract rights of claimants without affording them an opportunity to assert them, is not a statute of limitations, but an attempt to arbitrarily impair the obligation of the contract. Lamb v. Powder River Live Stock Co. 132 Fed. 434, 65 C. C. A. 570, 67 L.R.A. 558; McGahey v. Virginia, 135 U. S. 662, 685, 10 Sup. Ct. 972, 34 L. ed. 314; Chrismas v. Russell, 5 Wall. 290, 18 L. ed. 475. See also Baker v. Kelley, 11 Minn. 358 (480). The statute must be held to have no application to a conveyance made before its passage and given to secure an obligation not maturing within 15 years from its date.

5. It is argued that if this transaction is declared to be a mortgage, the right of plaintiffs to redeem has expired under chapter 181, p. 197, Laws 1909; G. S. 1913, §§7698-7699, which provides that no action or proceedings to foreclose a real estate mortgage can be maintained, unless commenced within 15 years from the maturity of the whole debt secured, and, unless the time of the maturity of the debt is

clearly stated in the mortgage, the period of limitation shall begin to run from the date of the mortgage.

Invoking the familiar rule that the right to foreclose and the right to redeem are reciprocal and that the right to redeem expires with the expiration of the right of foreclosure (see First National Bank of Memphis v. Kidd, 20 Minn. 212 [234]), defendants argue that the right to redeem in this case is gone. We fail to see how the argument can benefit defendants, for, if the right of foreclosure is gone, the possession of plaintiffs can never be disturbed and their offer to redeem becomes a gratuity. But, for reasons similar to those stated in discussing the act of 1913, we are of the opinion that the act of 1909 could not limit the right to foreclose an existing mortgage to 15 years from its date when the right to foreclose did not accrue until more than 15 years from its date.

Judgment affirmed.