## JOHN NELSON, AS ADMINISTRATOR OF ESTATE OF ANDREW NELSON, DECEASED, v. CAROLINE HELMBRECHT, FREDERICK HELMBRECHT AND OTHERS.[1]

May 4, 1923.

No. 23,336.

**Title by adverse possession for 40 years.**

1. In 1880 plaintiff's intestate deeded 80 acres of land to the ancestor of defendants who took possession under the deed. He and his heirs had remained in possession more than 40 years before this action was brought to have the deed declared a mortgage. *Held* that, even if the deed were in fact a mortgage, the possession under it had ripened into a legal title.

**Evidence admissible.**

2. A judgment roll, tax receipts and certain probate records were properly admitted in evidence.

Action in the district court for Dodge county to have a certain deed declared a mortgage. The case was tried before Childress, J., who made findings and dismissed the action. From the judgment entered pursuant to the order for judgment, plaintiff appealed. Affirmed.

*Charles E. Schwarg* and *Edward A. Cooper*, for appellant.

*H. J. Edison* and *Samuel Lord, Jr.*, for respondents.

[1]Reported in 193 N. W. 688.

TAYLOR, C.

In 1880 Andrew Nelson owned and occupied 80 acres of land in Dodge county. The land was mortgaged and Nelson was indebted to various parties. The firm of Fuller & Johnson brought suit against him and recovered a judgment. After this suit had been begun but before the entry of judgment, and on September 13, 1880, Nelson deeded the land to Henry Helmbrecht, a brother-in-law, to whom he owed about $350. Helmbrecht died in 1894 and his title to the land has passed to and vested in the defendants. Nelson died March 9, 1921. Thereafter plaintiff, as administrator of Nelson's estate, brought this action to have the court adjudge that the deed was in fact a mortgage and that it had been paid and satisfied out of the rents and profits received from the land. The trial court found that the defendants were the owners in fee of the land and that plaintiff had no interest in it, and rendered judgment dismissing the action. Plaintiff appealed.

Nelson surrendered possession of the land to Helmbrecht about the time the deed was executed, and never afterwards claimed any control over it or had anything to do with it in any manner. Helmbrecht, who owned and lived upon an adjoining tract, took possession of the land and occupied and cultivated it as a part of his farm until his death 14 years later, and his widow and children have continued to occupy and cultivate it in the same manner ever since his death. He and those holding through him had been in the exclusive and unquestioned possession of the land for more than 40 years before the present claim was asserted. They had paid the taxes on it during all that period, had paid the original mortgage, and had repeatedly remortgaged it. In 1885 Fuller & Johnson brought an action against Nelson, Helmbrecht and the holder of a mortgage given by Helmbrecht to have the deed to Helmbrecht adjudged fraudulent as to creditors and to have their judgment declared a lien on the land. The trial court found that the deed was given to defraud creditors, but rendered judgment for the defendants on the ground that the plaintiffs had failed to prove that they had a judgment against Nelson. The plaintiffs appealed, and this court re-

versed the judgment and ordered judgment for the plaintiffs. Fuller v. Nelson, 35 Minn. 213, 28 N. W. 511. When the case was remanded, Helmbrecht paid the Fuller & Johnson judgment.

Nelson and Helmbrecht seem to have fallen out before the trial of that case and Nelson was a witness for the plaintiffs. The attorney for the plaintiffs in that case was a witness in the present case and his testimony shows that Nelson testified to the effect that the land was conveyed to Helmbrecht for the purpose of preventing Fuller & Johnson from collecting their claim. Helmbrecht evidently claimed absolute ownership of the land. Whatever the original arrangement may have been, it stands undisputed that Nelson relinquished possession to Helmbrecht at the execution of the deed; that Helmbrecht and his heirs have been in the exclusive and unquestioned possession of the land using it and dealing with it as absolute owners ever since; and that the present action is the first attempt to establish that Nelson retained any interest in or claim to it.

The parties are presumed to have intended the deed to take effect according to its terms; and the burden was on plaintiff to overcome this presumption by strong and convincing proof. 2 Dunnell, Minn. Dig. §§ 6157, 6158, 6159. The evidence was not of a character to require the court to find that the deed was intended as security and therefore was in fact a mortgage. But whether the deed was intended as an absolute conveyance or as a mortgage is no longer important, for Helmbrecht took possession under it with Nelson's consent and he and his heirs have remained in possession for more than 40 years. If it was originally a mortgage, possession under it ripened into a legal title many years ago. 2 Dunnell, Minn. Dig. § 6242, and cases there cited. If the deed was given to defraud creditors and was invalid as to them, it was nevertheless valid as between the parties to it and passed the title to Helmbrecht. Brasie v. Minneapolis Brewing Co. 87 Minn. 456, 92 N. W. 340, 67 L. R. A. 865, 94 Am. St. 709; Redmond v. Hayes, 116 Minn. 403, 133 N. W. 1016; Thysell v. McDonald, 134 Minn. 400, 159 N. W. 958, Ann. Cas. 1917C, 1915; Aiken v. Timm, 147 Minn. 317, 180 N. W. 234. The claim that Nelson made an oral lease to Helmbrecht was not suffi-

ciently substantiated to require discussion. The record amply sustains the findings of the trial court.

Plaintiff insists that the court erred in admitting in evidence the judgment roll in the action brought by Fuller & Johnson. That action involved the identical deed here in question. Nelson as well as Helmbrecht was a party to it and testified at the trial. We think the judgment roll was admissible. Pabst Brewing Co. v. Jensen, 68 Minn. 293, 71 N. W. 384; Farmer's State Bank v. McGrath, 141 Minn. 281, 170 N. W. 209.

Plaintiff also insists that the court erred in admitting in evidence the receipts for taxes paid by Helmbrecht and his successors. They were competent evidence to show a claim of ownership.

Plaintiff also assigns as error the admission in evidence of the probate records in the estate of a deceased son of Helmbrecht. These records were proper to show that his interest in the property had passed to his heirs.

It may not be amiss to mention that plaintiff introduced considerable testimony which was incompetent and erroneously admitted, but as the rulings were in plaintiff's favor we have no occasion to consider them.

The judgment is affirmed.