## AUGUST ROEHRS v. W. J. THOMPSON.[1]

December 20, 1929.

.No. 27,526.

*Allen & Allen,* for appellant.
*E. H. Nicholas,* for respondent.

STONE, J.

Action of unlawful detainer involving a 242-acre farm in Martin county and originating in justice court, where plaintiff had judgment of restitution. On defendant's appeal to the district court, upon trial de novo without a jury, plaintiff again prevailed. The present appeal is by defendant from the order denying his motion for a new trial.

March 21, 1927, defendant conveyed the farm to plaintiff by warranty deed. Twenty-four days thereafter, April 14, plaintiff and defendant entered into a contract for the purchase of the land by defendant, who went into or remained in possession under that con-

[1]Reported in 228 N. W. 340.

tract. Defendant getting into default March 1, 1928, and remaining so, plaintiff exercised the right reserved to him by the contract to cancel by notice. The cancelation was effective July 14, 1928, unless the deed and contract constitute a mortgage. That is the only claim litigated below.

At the date of the deed, March 21, 1927, the land was encumbered by three mortgages, one for $15,000 to plaintiff, a second for $15,000 to one Bartholomew, and a third for $12,000 to plaintiff. The debt secured by the Bartholomew mortgage was past due and the mortgage indebtedness matured at the time, with interest, aggregated $17,370. Including the principal of plaintiff's two mortgages, the total debt against the farm was close to $45,000. There is no suggestion that the value exceeded that sum, and there is a strong probability that it was even less. Defendant, or a brother who for a time had held the title for him, was personally liable to plaintiff for the indebtedness secured by the third mortgage.

It was found below that the deed of March 21 was absolute and unconditional and that the consideration for it was the satisfaction by plaintiff of his two mortgages. It is further found that the deed and contract, the latter not made until April 14, were not intended as security for any indebtedness, old or new, except as the contract for deed evidenced the agreement of defendant to purchase the property at the consideration therein stated, $43,471. Of that sum $15,000 was the debt secured by a mortgage (newly negotiated to take the place of the Bartholomew mortgage) and assumed by defendant as vendee. It had become the first and only mortgage on the farm upon the satisfaction of the two formerly held by plaintiff. While the contrary conclusion could be sustained, it is not open to reasonable question that the evidence supports the inference, adopted below, that the deed was unconditional; that it consummated the purchase, and a fair one, of defendant's equity of redemption by plaintiff.

The evidence does not compel the conclusion that when the deed was given the contract which followed 24 days later had been agreed upon, or that it was or ever became a mere instrument of defeasance converting the deed into a mortgage. Plaintiff's testi-

mony is bluntly unequivocal to the contrary. It is opposed by that of Mr. Gruber, a witness for defendant and the banker who brought the parties together and drew the papers for them. He insists that when the deed was agreed upon and signed the contract was also agreed upon. Strange, then, that it was not signed and delivered concurrently with the deed. Plaintiff testifies that during the interval between deed and contract defendant, aided by Gruber, was negotiating for a lease of the farm and that he finally agreed to the contract on Gruber's urgent representations that "a contract ain't like a deed or a mortgage * * * you can foreclose in 30 days" for any default of defendant, taxes and interest being particularly stressed. The record discloses no impropriety in taking as the basis of decision the evidence for plaintiff. It disconnects deed and contract and prevents the conclusion that the latter was a mere instrument of defeasance. Thereby the case is distinguished from Lundeen v. Nyborg, 161 Minn. 391, 201 N. W. 623, wherein documentary evidence showed that, although contract followed deed by three months, it had been "originally agreed that the contract should be executed as part of the transaction."

Whatever presumptions may formerly have been indulged concerning such a transaction (see 1 Jones, Mortgages (8 ed.) § 331; Niggeler v. Maurin, 34 Minn. 118, 24 N. W. 369; Marshall v. Thompson, 39 Minn. 137, 39 N. W. 309; King v. McCarthy, 50 Minn. 222, 52 N. W. 648; Holien v. Slee, 120 Minn. 261; 139 N. W. 493) it is now a statutory rule of evidence that "no conveyance absolute in form between parties sustaining the relation of mortgagor and mortgagee, whereby the mortgagor * * * conveys any right, title or interest in real property theretofore mortgaged, shall be presumed to have been given as further security, or as a new form of security, for the payment of any existing mortgage indebtedness, or any other indebtedness, or as security for any purpose whatsoever." G. S. 1923 (2 Mason, 1927) § 9573. This statute was intended to change the rule that a deed from mortgagor to mortgagee is presumed but a new security for the old debt. Jentzen v. Pruter, 148 Minn. 8, 12, 180 N. W. 1004. It may be doubted whether the

rule that to convert a deed absolute in form into a mortgage the evidence must be "clear, strong and convincing" (Young v. Baker, 128 Minn. 398, 151 N. W. 132, 133) applies where mortgagor conveys to mortgagee and takes back bond or contract for deed, because equity scans such a transaction with "jealous care" and requires its "fairness to be clearly established." Grannis v. Hitchcock, 118 Minn. 462, 465, 137 N. W. 186, 188. But the doctrine "once a mortgage always a mortgage" has no application to a future contract between mortgagor and mortgagee for the purchase of the mortgagor's right of redemption. The mortgagee may always purchase that right for a fair consideration if the transaction is untainted by any oppression or advantage taken of the necessities or distress of the mortgagor. DeLancey v. Finnegan, 86 Minn. 255, 90 N. W. 387. Those factors are present here and very persuasive for plaintiff. Webster v. McDowell, 102 Minn. 445, 113 N. W. 1021. Another important thing is that the deed discharged whatever obligation defendant and his brother were under because of the two mortgages satisfied by plaintiff. 1 Jones, Mortgages (8 ed.) §§ 290-334. With such factors present there is no reason why the intention of the parties, judicially established, should not be controlling. Buse v. Page, 32 Minn. 111, 19 N. W. 736, 20 N. W. 95; Citizens Bank v. Meyer, 149 Minn. 94, 182 N. W. 913.

Order affirmed.