## M. V. EVANS, EXECUTOR, SUBSTITUTED FOR A. D. EVANS, DECEASED, v. JOSEPH B. SLAGLE.[1]

May 8, 1936.

No. 30,656.

See 187 Minn. 1, 244 N. W. 79.

*Russell Smith,* for appellant.

*Thompson, Hessian & Fletcher* and *M. V. Evans,* for respondent.

[1]Reported in 267 N. W. 220.

HILTON, JUSTICE.

This is an appeal from an order of the district court of Hennepin county canceling a contract for a deed.

June 12, 1923, the appellant and his wife, Mrs. Slagle, mortgaged the real estate in question. February 11, 1929, the mortgage was foreclosed. The property at that time was worth $12,000; the amount required to redeem was $3,500.

Prior to the hearing in this case Mrs. Slagle had commenced three separate actions to obtain a divorce from the appellant. Respondent, Evans, acted as her attorney. February 6, 1930, she confessed judgment in his favor. February 10, 1930, he redeemed the property as a creditor having a lien and received a sheriff's certificate therefor. In Slagle v. Slagle, 187 Minn. 1, 244 N. W. 79, it was held that Evans had no right to redeem and that he had acquired the legal title to the property merely as trustee for the appellant and Mrs. Slagle. Respondent was given a lien for $3,540.11, the property to be held as security therefor.

In June, 1933, Mrs. Slagle and the appellant gave respondent a quitclaim deed to the property, and in turn respondent delivered to appellant a contract for deed to the property. At that time respondent had the lien for $3,540.11, and there was about $1,200 due in back taxes. As a condition in the contract appellant agreed to make certain monthly payments, these to be applied on the taxes and principal. Appellant made them only for a short time. As a result respondent served notice of cancellation of the contract for deed. Appellant answered, claiming that the quitclaim deed was given merely as further security for the lien; that the contract for deed was in fact meant only as a mortgage and that respondent was entitled only to an equitable mortgage on the property. This is an appeal from an order canceling and terminating the contract for deed.

Appellant contends that the conveyance and subsequent contract for deed amount in law only to an equitable mortgage and that he was deprived of a right of redemption which he would have had if respondent had foreclosed on his lien by action as would have been necessary had it not been for the arrangement made.

In O'Connor v. Schwan, 190 Minn. 177, 251 N. W. 180, it was said that if in a conveyance from a mortgagor to a mortgagee it was found that the mortgagee used oppressive means to exact the conveyance or took an unconscionable advantage of the mortgagor's necessities, or that the mortgagee paid the mortgagor an inadequate consideration for the conveyance, or that the parties made a parol agreement that the conveyance would not be absolute, then the conveyance would be held to constitute further security for the mortgage debt and not an absolute conveyance ending the mortgage relationship. Not one of those factors is present here.

The quitclaim deed recited a consideration of "one dollar and other good and valuable consideration." The dollar was never paid. However it appears that there was ample "other" consideration. The lien which the respondent had was discharged. Mrs. Slagle obtained a divorce. She had been in possession of the property and was receiving the rent therefrom. By the settlement then made the appellant obtained possession of the property and at the time of the trial was still receiving the income thereupon realized. A receiver of the property had been appointed. Respondent had appealed to this court from an order directing him to pay to the receiver and to the plaintiff certain sums of money. By agreement the receivership was ended and the appeal dismissed. At the time the quitclaim deed was given Mrs. Slagle, as spouse, had an interest in the property. Under the contract for deed appellant had the right to acquire the legal title for himself, although in consideration of this he satisfied a judgment he had against Mrs. Slagle. The amount that appellant was required to pay to the respondent under the contract for deed was less than the amount of respondent's lien plus interest. Appellant obtained a loan to take care of some of the back taxes. He was required to pay a bonus of $60 for this loan. Respondent allowed him credit for that amount on the payments to be made under the contract for deed.

The foregoing recitals disclose the "other good and valuable consideration" referred to in the contract for deed. Apparently there was a family settlement of some kind. All the litigation was ended. Appellant was given the opportunity to acquire the legal title to

the property for himself. All of these were valuable considerations. The exact money value of each need not be determined. They were ample.

Respondent was an attorney at law, and the appellant had an attorney to serve him during all these transactions. The agreements thus were not entered into blindly. There is nothing at all to indicate that the respondent used oppressive means to exact the conveyance or took an unconscionable advantage of the appellant. There is no claim that there was a parol agreement that the conveyance was not to be absolute.

Affirmed.