## NELLIE M. WEIDE *vs.* HENRY GEHL.

### April 16, 1875.

**Deed and Bond for Reconveyance, held, as between the parties, to be a Mortgage.**— Defendant G., being owner of certain lands, executed a deed of the same (absolute in form) to F. F. executed to G. a bond for the conveyance of the same to the latter, upon the payment of certain notes. These notes were in fact given for the amount of G.'s indebtedness to F., and the deed was in fact executed for the purpose of securing this indebtedness. *Held*, that as between G. and F., the transactions were a mortgage.

**Same—The title of a Purchaser from Grantee, with only record Notice, is adverse to Obligee's claim, as Mortgagor.**—The notes bore the same date as the deed; but the bond was of a date subsequent to the date of the deed; and though the bond mentioned the notes, it did not give their date. The deed was recorded September 28, 1858, the bond July 18, 1860. F. having died intestate, his heirs, on September 10, 1872, sold and by warranty deed conveyed the premises to plaintiff, for $6,000, the plaintiff, at the time of conveyance and the payment of the purchase money, having no notice that G. had or claimed any right or interest in the premises, except as disclosed by the record of the bond. This is an action to determine an adverse claim. G., in his answer, set up the facts before stated, showing the transactions between him and F. to be, as to the latter, a mortgage, and alleging that plaintiff had notice of these facts. The answer further claimed that the transactions between G. and F. were a mortgage as to the plaintiff, also. Plaintiff, in his reply, denied the notice, and disavowed the alleged mortgage relation between himself and G. *Held*, that whether or not G.'s claim would have been adverse to plaintiff, if it had been of the character claimed in the answer, it is adverse, upon the reply and the facts before mentioned.

**Same—As against purchaser the Obligee has no Estate or interest, either as Mortgagor or Vendee.**—G., having set up a claim under the bond, as mortgagor, and not otherwise, and no other claim, the transaction between him and F. being, in fact and law, a mortgage and nothing else, and the plaintiff being

a *bona fide* purchaser for value, without notice of the mortgage, and disavowing the same, *Held*, that as against the plaintiff, G. has no estate, interest or claim in or to the premises, adverse to plaintiff, and no estate, interest or claim in or to the premises, under the bond, either as mortgagor or vendee, and that it is proper to so determine in this action.

Action to determine the adverse claim of defendant to certain unoccupied real estate. Trial in the court of common pleas for Ramsey county, before *Hall*, J., upon whose findings judgment was entered for a part only of the relief demanded in the complaint. From this judgment both parties appealed.

*Gilfillan & Williams*, for plaintiff.

*Henry J. Horn*, for defendant.

BERRY, J.[1] The complaint alleges that the plaintiff is the owner in fee of certain vacant and unoccupied land in Ramsey county, and that the defendant claims an estate or interest therein adverse to the plaintiff, and judgment is demanded determining such adverse claim or estate to be invalid, and for general relief. The answer denies the plaintiff's ownership, and further alleges that on September 24, 1858, the defendant, being the owner of the land, made a deed thereof to one Amos Fredd, which deed, though absolute in form, was delivered and accepted as security for certain promissory notes, (describing them,) and that about the same time, or soon after, Fredd' executed to the defendant a bond or obligation, bearing date September 27, 1858, whereby he agreed and bound himself to convey to the defendant on payment of said notes, which bond was recorded July 18, 1860, the deed having been recorded prior thereto; and that the plaintiff, long prior to the time when she pretends to have become the owner of the land, viz, prior to August 12, 1872, had notice of the defendant's interest and estate in the land, as before set forth. That afterwards, and in 1860, the notes were settled and surrendered to the defendant. That the defendant had made no other conveyance of said title to the land, and is entitled to the land and the possession thereof, as aforesaid. Judgment is demanded

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.

that the deed from defendant to Fredd may be declared a mortgage, and may be discharged, that the defendant's title may be confirmed against the plaintiff, and for general relief.

The reply admits the defendant's ownership on September 24, 1858, states the contents of the deed and bond before mentioned, alleges that the defendant never paid any part of the principal or interest of the notes, or the taxes on the land, or exercised any acts of ownership over the land after the execution and delivery of the deed to Fredd, but that such taxes have been paid by Fredd and his heirs ; that Amos Fredd having died intestate his heirs conveyed to the plaintiff, for a valuable consideration, on September 10, 1872, and that at the date of the conveyance, and the payment of the purchase money, the plaintiff had no notice or knowledge that defendant had or claimed any interest in the said premises, except as disclosed by the record of the bond aforesaid.

The action was tried by the court, the facts found being substantially as follows : On September 24, 1858, the defendant was the owner of the piece of land described, and on that day conveyed it by warranty deed, in consideration of $5,000, to one Amos Fredd, which deed was recorded September 28, 1858. On September 27, 1858, the said Amos Fredd executed and delivered to the defendant a bond in the penal sum of $10,000, on condition (in substance) that whereas the said Amos Fredd had bargained and sold unto the said Henry Gehl the premises aforesaid for the sum of $4,119.89, to be paid in three instalments, the first, $519.89, payable December 15, 1858, the second of $1,000, and the third of $2,600, at one and two years from December 15, 1858, with interest on the two last instalments at fifteen per cent. per annum from said date, according to the terms of three promissory notes made by defendant to Fredd : therefore, if the said Amos Fredd, upon payment of said several sums of money and interest, at the time and in the manner aforesaid, should execute and deliver to the

defendant, his heirs or assigns, a good and sufficient deed of said premises, free from all incumbrances, except such as might arise by virtue of any tax assessment subsequent to the execution of said instrument, then the said obligation should be null and void: and in the said bond it was expressly agreed and declared that the time of the payment of the said several sums, and each of them, was of the very essence of the contract. The instrument was recorded July 18, 1860. The date of the notes mentioned in the bond was September 24, 1858; but the day of the date does not appear in or from the bond.

The defendant was indebted to Fredd at the time of these transactions, the object of which was to secure payment of such indebtednesc. The defendant was then residing on the premises, and continued so to reside. until the autumn of 1860, when he surrendered possession to Fredd, upon the surrender to him by Fredd of the notes before mentioned, and removed his residence to California, where he remained until the year 1865, when he returned to this state, where he has since continued to reside; but it does not appear that, since his return, he has concerned himself in any way about the premises in dispute, which are vacant and unoccupied.

Amos Fredd having died intestate after the execution of the deed and bond, his heirs, on September 10, 1872, sold and by warranty deed conveyed the premises to the plaintiff, for the consideration of $6,000. At the time of the conveyance and the payment of the purchase money, the plaintiff had no notice that the defendant had or claimed any estate or interest in the premises, except as disclosed by the record of the bond. Since 1860 Amos Fredd and his heirs have paid a large amount of taxes on the land; but it does not appear that any have been paid by the defendant, or that he has ever paid the promissory notes, or either of them, mentioned in the bond, or that the bond has ever been discharged.

As conclusions of law, the court finds, 1. That as between

the parties thereto, the transactions between the defendant and Amos Fredd constituted a mortgage on the premises. 2. That the nature of the transaction is not disclosed by the papers on record. 3. That the plaintiff was an innocent purchaser, for a valuable consideration, and without notice of any estate or interest in the said premises held or claimed by defendant. 4. That defendant can claim no estate or interest in said premises as against the plaintiff. 5. That under the pleadings and evidence in this action, the court cannot determine the rights and equities of the parties, arising from the undischarged bond aforesaid, and notice thereof in plaintiff.

Whereupon judgment was entered, adjudging the plaintiff to be the owner in fee of the land in question, free and clear of all right, title, interest, claim or demand of the defendant thereto, either as mortgagee or otherwise, except such right or equities, if any, of said defendant therein, under and by virtue of the bond before mentioned, (describing it.) From this judgment both parties appeal, the plaintiff claiming that the judgment should be modified so as to adjudge that the defendant has no estate or interest in the land, and the defendant claiming that the judgment should be modified so that the transaction may be adjudged a mortgage, as well against the plaintiff as against Fredd.

1. As to the defendant's appeal. We see no reason to question the correctness of the third conclusion of law, so far as the defendant's claim to be owner and mortgagor is concerned. The plaintiff, having only record notice of the defendant's interest in the premises, had a right, and was bound to consider that it was such as the record showed it to be. It does not appear from the record that the transaction between the defendant and Fredd was anything else than a sale, with a subsequent agreement for repurchase. At the trial, this transaction was proved to have been, in fact, a mortgage; but this result was reached, not by a construction of the instruments recorded, but by parol evidence of matters *dehors* the record, and of which the record

afforded no notice. The case is readily distinguishable from *Hill* v. *Edwards*, 11 Minn. 22, relied on by the defendant. There, the bond to re-convey bore date and was executed on the same day with the deed, and referred to the notes as "bearing even date herewith." The instruments themselves showed that they were parts of one transaction; and that the transaction was a mortgage was apparent upon construction of the instruments themselves, without resort to extrinsic evidence, and the decision was placed on that ground. In this case, however, there is an interval of three days between the execution of the deed and that of the bond, and neither refers to the other. The notes, it is true, bear even date with the deed; but this circumstance is not disclosed or referred to in the bond. So far as the records show, the two instruments were entirely independent of each other, and evidenced different transactions: each is complete in itself, is unambiguous, and will admit of but one construction, the deed evidencing an absolute sale and conveyance from Gehl to Fredd, and the bond evidencing a subsequent and independent agreement on the part of Fredd to sell and convey to Gehl, upon the performance of certain conditions by the latter.

2. As to the appeal of the plaintiff. In his answer, the defendant sets up certain facts which, as he claims, make the transaction between himself and Fredd a mortgage, not only as to Fredd, but as to the plaintiff; and he prays for affirmative equitable relief, as he is authorized to do by § 79, ch. 66, Gen. Stat. Whether, if the defendant's claim that he was, as to the plaintiff, a mortgagor, had been well founded, it would have been an *adverse* claim, within the meaning of the statute under which the present action is brought, we need not enquire. For while the court below has found, and correctly, (as we have already determined,) that the transactions referred to constituted a mortgage as between the defendant and Fredd, it has also found that the plaintiff was "an innocent purchaser, for a valuable consideration, without notice of any estate or interest in the prem-

ises held or claimed by the defendant," a finding which necessarily involves the idea that, as to the plaintiff, the transactions between Fredd and defendant were not a mortgage, and the defendant, of course, not a mortgagor. So far, then, as these transactions in their true character as a mortgage were concerned, there was no privity between plaintiff and Fredd, his grantor, since plaintiff, as a *bona fide* purchaser without notice of the mortgage, acquired rights superior to his grantor. Not being, then, in privity with Fredd as respects the mortgage, he is not in privity, as respects the same, with the defendant, and the latter could not maintain an action against him in equity to redeem the mortgage. Whatever, then, may have been the nature of defendant's claim as set up in his answer, whether adverse or not, it is clear that, upon plaintiff's disavowal of the mortgage in his reply, and upon the finding of the court, the defendant's claim of an estate and interest in the premises, as mortgagor, was adverse to the plaintiff. Being adverse, it was entirely competent for the court to determine, as it has in effect done, that the defendant's claim that he is a mortgagor, and the transactions between himself and Fredd a mortgage, is, as to the plaintiff, of no validity.

The adverse claim thus adjudged invalid by the court is the only claim set up by defendant, the effect being that any other adverse claim which he might have set up, is, in the eye of the law, waived or disclaimed.

With respect to the bond, if it and the deed were the only evidence showing the nature of the transactions between Fredd and the defendant, they would unquestionably establish the relation between these parties of vendor and vendee, a relation with notice of which the plaintiff would have been affected, since both bond and deed were duly recorded. But the bond and deed are not the only evidence of the nature of the transactions between Fredd and the defendant. It appears from other sources, and is found by the court, that these transactions in fact and in law constituted a mortgage, and that the defendant was a mortgagor, and not a vendee.

And the defendant claims in no other character, except the precise character of mortgagor. In such a state of facts, we are aware of no principle or rule of law in obedience to which defendant can be transformed into a vendee. This would be neither more nor less than for the court, instead of interpreting and enforcing the contract made, to make a contract for the parties, a contract which they never contemplated, which they never entered into, which they expressly disclaim, and which is irreconcilably inconsistent with and repugnant to the contract really made. In our opinion, the bond cannot be regarded as conferring upon the defendant any other rights than those of a mortgagor. It does not invest him with any equities as a vendee. It is part, and nothing more, of the evidence which establishes the relation of mortgagor and mortgagee between defendant and Fredd. It does not go to establish any other relation towards any person. The determination of defendant's rights under it was therefore involved in the determination that defendant's claim as mortgagee was, as against the plaintiff, invalid.

From the foregoing conclusions it follows, *first*, as respects defendant's appeal, that the judgment should be affirmed; and, *second*, as respects plaintiff's appeal, that it should be modified by striking out the exception of defendant's rights or equities under the bond from its general adjudication.

Ordered accordingly.