34 547
45 120
| 34 | 547 |
| 52LRA | 759 |

</div>

---

## MARTHA BUTMAN *vs.* OLIVER JAMES.

## March 1, 1886.

**Deed and Bond to Reconvey—Defeasance—Mortgage—Notice.**—A bond for the reconveyance of land made at the same time and bearing the same date as an absolute deed thereof is, if so intended, an instrument of defeasance within the meaning of Gen. St. 1878, c. 40, § 23, and, if duly recorded, protects the right of defeasance, which it is intended to secure, against all persons, without any notice to them except such as is given by the record.

**Same—Lien of Judgment against Grantee.**—Where a deed of land, absolute in terms, and a simultaneous bond for reconveyance, duly recorded, constitute a mortgage, the mortgagee, *i. e.*, the grantee in the deed, has no interest in the land subject to levy or to the lien of a judgment against him.

**Same—Execution Sale—Cloud on Title.**—An execution sale of the land upon a judgment against him, and the issue of a certificate of sale thereupon, create a cloud upon the grantor's title, to remove which the customary equitable action may be maintained.

**Same—Injunction against Cutting Timber.**—When growing timber constitutes the principal value of land, the cutting thereof is irreparable injury in the equitable sense, and may properly be restrained by injunction.

On May 14, 1873, plaintiff borrowed of one Rogers $250, and, to secure repayment, executed and delivered to him a warranty deed, absolute in form, of certain premises in Rice county described in the complaint, of which she was the owner. At the same time Rogers executed and delivered to her a bond for a deed, in the ordinary form, conditioned for the conveyance of the land to her upon the payment of $250, with interest, within two years from its date. The two instruments were intended by the parties to them to operate as a mortgage to secure the loan, but neither deed nor bond contained any expression of intention that they were to operate as a mortgage, or that the bond was intended as a defeasance. The deed and bond each bore date and was acknowledged May 14, 1873. The deed was recorded May 20, 1873, and the bond May 29, 1876.

On June 1, 1880, plaintiff having repaid the loan, Rogers executed and delivered to her a warranty deed, and on August 25th a quitclaim deed (with a fuller description) of the premises, these two deeds being recorded August 25, 1880.

On June 12, 1880, the defendant brought suit against Rogers, and caused a writ of attachment to be issued and levied on a part of the land described in the above-mentioned deeds and bond. In that action judgment for $338.54 was entered against Rogers.

This judgment was docketed January 27, 1882. An execution was issued and levied on the land attached, and on April 15, 1882, the land was sold on the execution, and a sheriff's certificate of sale executed and delivered to the defendant, which was recorded on the same day.

The premises levied on and sold were covered with maple timber, which constituted their chief value.

The defendant, in November, 1883, claiming to be the owner of the premises, entered upon the premises and began felling the timber, whereupon the plaintiff brought this action in the district court for Rice county, praying for an injunction, and that the attachment, execution sale and certificate be declared ineffectual to convey to the defendant any interest in the land, and that the record thereof be cancelled, and for general relief.

The action was tried by *Buckham*, J., who (among other findings not here material) found the facts to be as above stated, and also

that no evidence was offered at the trial tending to show actual knowledge or notice on defendant's part of the character of the transaction of May 14, 1873, between plaintiff and Rogers.

Upon these facts the court held (1) that the deed and bond constituted a mortgage; (2) that the character of the transaction is sufficiently disclosed by the papers on record at the time of defendant's attachment to put him on inquiry, and charge him with notice, and that he is not an innocent purchaser without notice; (3) that Rogers had no interest subject to levy and sale; (4) that the attachment and certificate are a cloud on plaintiff's title; and (5) that plaintiff is entitled to the judgment prayed for. Defendant appeals from an order refusing a new trial.

*Mott & Gipson,* for appellant.

The record of the deed and bond disclosed merely a conditional sale, and therefore furnished no notice of the real transaction. *Buse* v. *Page,* 32 Minn. 111.

If the court was correct in holding that the record disclosed that Rogers had only a mortgage lien, then this action to remove a cloud on title will not lie, as no cloud exists. *Farnham* v. *Campbell,* 34 N. Y. 430; *Hanson* v. *Johnson,* 20 Minn. 172, (194;) *Gilman* v. *Van Brunt,* 29 Minn. 271; *Scribner* v. *Allen,* 12 Minn. 85, (148;) *Wieland* v. *Shillock,* 23 Minn. 227.

*Anson L. Keyes,* for respondent.

BERRY, J. The deed of the land in controversy from the plaintiff to Rogers, and the bond for the reconveyance of the same from Rogers to the plaintiff, were made as part of one transaction, bore the same date, and both were duly recorded before the defendant's alleged attachment was levied. Competent testimony amply justifies the trial court in its findings that the deed was given as security merely for a loan of money by Rogers to the plaintiff, and that the transaction evidenced by the two instruments was intended by the parties to be, and in legal effect was, a mortgage.

By Gen. St. 1878, c. 40, § 23, "when a deed purports to be an absolute conveyance in terms, but is made, or intended to be made, defeasible by force of a deed of defeasance, or other instrument for that purpose, the original conveyance shall not be thereby defeated or af-

fected as against any person other than the maker of the defeasance, or his heirs or devisees, or persons having actual notice thereof, unless the instrument of defeasance is recorded in the registry of deeds of the county where the lands lie." This section does not require that what it styles the "instrument of defeasance" shall be a formal deed of defeasance, but permits it to be any "other instrument for that purpose" (with, we presume, the qualification that it be in its terms reasonably adapted to subserve that purpose) by which the deed "is made, or intended to be made, defeasible." Now, a bond for a reconveyance upon the payment of a specified sum and interest, at a specified time, made at the same time and of the same date as the deed, is not only an instrument in form and terms reasonably adapted and appropriate to serve as a defeasance, (*Rice* v. *Rice,* 4 Pick. 349,) but we venture to assert that it is *the* instrument which always has been and now is in most common use in this state for that purpose. It is therefore, in our opinion, an instrument of defeasance within the meaning of section 23, if so intended; and, if duly recorded, it protects the right of defeasance which it is intended to secure, against all persons, without any notice to them except such as the record of the instrument gives.

This conclusion is not inconsistent with the doctrine of *Buse* v. *Page,* 32 Minn. 111, viz., that "where A. conveys land to B. by absolute deed, and B. at the same time executes to A. a bond or agreement conditioned to reconvey the land to A. upon payment of a certain sum of money, at a time specified, the transaction between the parties, upon this simple state of facts, purports to be, and *prima facie is,* what is called a conditional sale, and not a mortgage." While the transaction thus spoken of is a conditional sale *prima facie*, it is such *prima facie only*, and hence, *upon its face*, its character as a conditional sale instead of a mortgage is disputable; so that whoever takes title while it is upon record takes subject to the right of the party claiming under the alleged defeasance to show that, though the transaction is *prima facie* a conditonal sale, it is in legal effect a mortgage. The opinion in *Buse* v. *Page* proceeds upon this very theory. Page took title without any notice of the alleged defeasance, in that case, except such as the record furnished; but so far from concluding or

resting upon the idea that he *therefore* took title free from the alleged defeasance, the opinion goes on to examine and consider *the facts* of the case for the purpose of showing that the transaction was *in fact and legal effect* what it *prima facie* purported to be upon the face of the papers, viz., a conditional sale. So that the view taken by this court in *Buse* v. *Page,* so far from antagonizing the views above expressed in the case at bar, is exactly in line with them.

It follows from what we have said that the fact that the bond does not show upon its face the intention with which it was executed and that it was intended as a defeasance, does not make a case of an unrecorded conveyance within the meaning or influence of section 21 of the same chapter of the statute in which section 23, *supra,* is found. And as section 21 is the only provision of our statute changing the rule of the common law, it further follows that an attachment or judgment against the person to whom the deed which "purports to be an absolute conveyance is made" becomes a lien on the actual interest only of such person in the land, as such interest existed at the levy of the one or the docketing of the other. *Lamberton* v. *Merchants' Nat. Bk. Winona,* 24 Minn. 281. And in a case like this at bar, where the debtor's right as respects the land is simply that of a mortgagee, he has no "actual interest" therein subject to levy, and therefore the levy of an attachment or execution against him upon the land in no way lays hold of or affects it. This conclusion disposes of the most important question in the case. The deed from plaintiff to Rogers, when taken in connection with the bond, being a mortgage simply, defendant's attachment and judgment against Rogers never became a lien upon the land, and therefore defendant's apparent title is invalid, the title of the land being in the plaintiff. This conclusion renders it unnecessary to inquire whether the trial judge was or was not accurately right in his views as to the matter of constructive notice, or as to its being incumbent upon defendant to show want of notice.

The certificate of sale issued to defendant by the sheriff, upon the sale of the land upon defendant's judgment against Rogers, conferred an appearance of title which was a cloud upon plaintiff's title because extrinsic evidence was required to show its invalidity. *Van Wyck* v.

*Knevals,* 106 U. S. 360. To remove the cloud the customary equitable action was properly brought.

If there were any issues in the action for a jury, their submission, if desired, should have been specifically demanded, as it was not. *Chadbourne* v. *Zilsdorf, ante,* p. 43.

The court finds that the land is chiefly valuable for its maple timber, and will be greatly damaged by the cutting down of the same; that defendant has at different times, under a claim of right, entered upon the land and cut down valuable maple trees growing thereon; and that before the commencement of the action he threatened and intended to cut down said timber, and convert it to his own use, from time to time, at his convenience. This is a case of "irreparable injury," in the equitable sense. The cutting will destroy that which is essential to the principal value of the land, and in such cases an injunction is a proper and usual remedy. *Fulton* v. *Harman,* 44 Md. 251; *Gause* v. *Perkins,* 3 Jones, Eq. (N. C.) 177; *Thatcher* v. *Humble,* 67 Ind. 444.

In our opinion the foregoing conclusions dispose of the merits of this case. Many points are made upon the brief of counsel to which we have not deemed it necessary to advert specifically. Many exceptions were taken to the conduct of the trial below, and though most of them must be immaterial in the view which we have taken of the case, yet if any are well taken, upon looking over the whole record, we are clear that there is no error which can have substantially prejudiced the defendant.

Order affirmed.

GILFILLAN, C. J., *(dissenting.)* I dissent from the decision upon the first point. I think Gen. St. 1878, *c.* 40, § 23, means that a recorded deed of conveyance, absolute by its terms, shall (whatever the unexpressed intention of the parties may have been) have effect as an absolute deed with the exceptions specified, unless there is also recorded an instrument expressing or showing an intent contrary to or qualifying that expressed in the deed; and that it is not enough, for the purposes of the section, that an instrument recorded and relied on as a defeasance may, as between the parties, be shown by extrinsic

evidence (oral or other evidence) to have been intended by them to have that effect. In other words, the section does not mean that the instrument may be so framed as that its character as a defeasance shall not appear without resort to other (perhaps oral) evidence. The record should show it to be an instrument of defeasance. When the section says "instrument of defeasance," it means an instrument which of itself is such, though it may be in any form if the intention appears from it.

It is the general theory and plan of the registry laws that, as to all interests in real estate acquired through contract, the record shall show the exact legal effect of the contract and character of the interest. It will be an anomaly in those laws if, while the record makes it appear that a man has one kind of interest, he can claim another kind not shown by the record, against those persons whom such laws intend to protect. This deed and bond show on their face, and their record shows, (if unexplained by other evidence,) a conditional sale, and not a mortgage. The bond is an agreement to reconvey, and not a defeasance. *Buse* v. *Page*, 32 Minn. 111. By the record the estate of the grantee in the deed is the fee, subject to his contract to convey. The decision of the court places the fee (resorting to extrinsic evidence for the purpose) in the grantor, contrary to the record.

The court below also erred in holding the record of the deed and bond to be constructive notice that the transaction was a mortgage. The record is constructive notice of instruments only according to their legal operation and effect,— is notice only of what they are upon their face,—unless they contain some information which makes it the duty of one seeing the record to inquire further. That possibly this transaction, *prima facie* a conditional sale, may have been intended by the parties to it as a mortgage, did not make it the duty of any one to inquire beyond the record. He could rely upon the transaction being just what the parties by the record made it appear to be. If this were not so, the value of the registry laws as a protection would be greatly diminished. It is not uncommon that one, for the purpose of security, conveys by absolute deed, without any written contract for defeasance or reconveyance; but because this may be, and sometimes is, done, cannot one rely on the record of the deed?

Must he as to every such deed inquire beyond the record to ascertain whether the parties did not intend the deed as a mortgage?

DICKINSON, J.   I concur in the foregoing dissenting opinion of the chief justice.