# RUBEN LUNDEEN AND ANOTHER v. CHARLES NYBORG AND ANOTHER.[1]

January 9, 1925.

No. 24,236.

**Action to declare deed to be mortgage not defeated by omission.**

1. If a deed was given as security, the fact that it contains no statement of the amount of the debt will not defeat an action brought to have the deed declared to be a mortgage. Neither will the nonpayment of the mortgage registry tax imposed by section 2301, G. S. 1913, defeat the action.

**Mortgagor need not be grantor in deed.**

2. It is of no importance that the deed was not executed by the mortgagor but by a third person at the mortgagor's request.

**Absence of personal obligation of mortgagor material in such action.**

3. No personal obligation on the part of the mortgagor is necessary to a valid mortgage, but the absence of such an obligation is a material circumstance in determining whether a deed was intended as a mortgage or as an absolute conveyance of the land.

**Intent of parties to be gathered from the four instruments executed.**

4. Four instruments were executed to express and fulfil the terms of the initial agreement between the parties. They should be read together and given contemporaneous operation to promote the intent of the parties. From a consideration of them the conclusion follows that the parties intended the deed to be a mortgage. The fact that the contract to reconvey was executed three months after the deed does not prevent this conclusion, it having been originally agreed that the contract should be executed as part of the transaction between the parties.

Action in the district court for Hennepin county to have a deed declared a mortgage and for other relief. The case was tried before Leary, J., who ordered judgment·in favor of defendants. From an

[1]Reported in 201 N. W. 623.

order denying their motion for a new trial, plaintiffs appealed. Reversed.

*Lewis Severance*, for appellants.

*Almer J. Peterson* and *Frederick P. Warber*, for respondents.

LEES, C.

This action was brought to have a deed declared a mortgage, to determine the amount due on the mortgage, and to restrain the defendants from depriving plaintiffs of the possession of the property mortgaged. The court found that the deed was not a mortgage, denied plaintiffs' motion for a new trial, and this appeal followed. The sole question is whether the finding mentioned can be sustained.

Ruben Lundeen, hereafter designated as plaintiff, had advanced some money to his mother. It was agreed that a lot in the city of Minneapolis, which she owned, should be taken in repayment of the money advanced. Plaintiff wished to erect a dwelling house on the lot and began negotiations with Charles Nyborg, a contractor and builder, hereafter designated as defendant, which resulted in the execution of three contracts and the deed in question.

The first contract, dated April 15, 1922, provided that defendant was to erect the house for $4,300; that plaintiff was to give defendant a warranty deed of the lot before the construction of the building was begun; that defendant was to give plaintiff a contract for a deed of the property providing for monthly payments of principal and interest; that defendant should mortgage the property for as large a sum as could be obtained; and that plaintiff should assume and pay the mortgage.

The second contract, executed on April 19, specified the kind of house defendant was to erect, repeated that the contract price was $4,300, and contained this provision:

"The party of the first part agrees to complete a one story and a half dwelling to be erected at * * * in the City of Minneapolis, Minnesota, and to sell the·said building and the real estate upon which it is located, described more particularly as follows:

Lot sixteen (16), block four (4), Fort Avenue Addition to Minneapolis. As security for the payment of said forty-three hundred dollars ($4,300.00) party of the second part agrees to convey to the party of the first part by warranty deed the above described lot; and to dig a basement, put in cement floor in basement, and construct a sidewalk around the house, all of which is to be done by said party of the second part at his own expense. It is understood and agreed that neither the value of said lot nor any of the improvements thereon made by the party of the second part shall be deducted from the consideration hereof, but that forty-three hundred dollars shall be the cost for completing the erection of said dwelling."

On the same day plaintiff's mother conveyed the lot to defendant by an unconditional deed of warranty in the usual form.

Defendant completed the construction of the house in July, placed a mortgage of $2,200 on the property, and on July 15 he and his wife joined in the execution of a contract for deed running to plaintiff and his wife. The price named in the contract was $5,300, payment to be made as follows:

"One thousand dollars ($1,000.00) cash in hand paid, the receipt whereof is hereby acknowledged, twenty-two hundred dollars ($2,200.00) by assuming and agreeing to pay the above described first mortgage; the balance of twenty-one hundred dollars ($2,-100.00) payable as follows: Twenty-five dollars ($25.00) on August first, 1922, and twenty-five dollars ($25.00) monthly thereafter until the sum of twenty-one hundred dollars ($2,100.00) has been fully paid, with interest thereon at the rate of seven per cent (7%) payable monthly."

It seems to be conceded that the value of the lot after the basement had been constructed represented the cash payment of $1,000 mentioned in the contract.

Plaintiff and his family have occupied the house ever since it was completed. After paying $464.80 he defaulted in the performance of the contract and defendant gave the statutory notice required to terminate it. Thereafter eviction proceedings were commenced,

which were stayed by a temporary injunction granted in this action.

In addition to the documentary evidence, the record contains testimony of the plaintiff to the effect that the deed was given as security, and testimony of the defendant that he took the deed as an absolute conveyance of the property.

In determining whether a deed is in fact a mortgage, the courts are guided by well-defined rules, stated in King v. McCarthy, 50 Minn. 222, 52 N. W. 648, and in Citizens Bank v. Meyer, 149 Minn. 94, 182 N. W. 913. It is unnecessary to restate them in view of the careful consideration they received in the case last cited.

It should be noted that, since the earlier cases were decided, the legislature enacted the statute imposing a registration tax upon mortgages. Section 2301, G. S. 1913, et seq.

The deed to defendant expresses no intention to give security for a debt and there was no proof of payment of the tax, but these facts will not defeat an action such as this in which it is sought to have the deed declared a mortgage. Forest Lake State Bank v. Ekstrand, 112 Minn. 412, 128 N. W. 455; Mason v. Fichner, 120 Minn. 185, 139 N. W. 485; Blanchard v. Hoffman, 154 Minn. 525, 192 N. W. 352.

Defendant's counsel argue that it cannot be held that the deed was a mortgage because plaintiff was not indebted to defendant, or at least was not liable to him on a personal obligation.

It has been held in a long line of cases that no personal obligation on part of the mortgagor is necessary to a valid mortgage. No note, bond or other collateral security need be taken if the mortgagee is willing to rely solely on the security. Dunnell, Minn. Dig. §§ 6188, 6189.

The absence of a personal obligation is a material circumstance in determining whether a mortgage or conditional sale is intended, but it is not conclusive evidence of the nonexistence of a mortgage. Niggeler v. Maurin, 34 Minn. 118, 121, 24 N. W. 369; Citizens Bank v. Meyer, supra. Neither is it important that a deed, intended to be a mortgage, was executed by a third person and not by the mortgagor himself. Tenvoorde v. Tenvoorde, 128 Minn. 126, 150 N. W. 396.

Citing Freeman v. Paulson, 107 Minn. 64, 119 N. W. 651, 131 Am. St. 438, defendant's counsel contend that the vendor in a contract for deed cannot maintain an action at law against the vendee to recover the purchase price of the land, that hence the vendee is not indebted to the vendor, and, since there is no debt, there can be no mortgage. It is not quite accurate to say that there can be no recovery in an action at law brought against the vendee by the vendor in a contract for deed. Benjamin v. Savage, 154 Minn. 159, 191 N. W. 408. But, this aside, to say there is no debt unless an action of debt or indebitatus assumpsit will lie, is to use the word "debt" in a purely technical sense. In a larger sense it includes all that is due under any form of obligation or promise. Daniels v. Palmer, 41 Minn. 116, 121, 42 N. W. 855; Bell v. Mendenhall, 78 Minn. 57, 80 N. W. 843. The contract price of the house was a debt owing by plaintiff to defendant and the evidence of the debt was the contract for deed.

Moreover, Freeman v. Paulson is not in point, for there the court was considering a contract indisputably one for the purchase of land, while here the very issue to be determined is whether the contract is one of purchase or merely an instrument of defeasance intended to defeat the operation of the deed as an absolute conveyance.

Although our statute recognizes the doctrine that a deed purporting to be an absolute conveyance may be defeated by force of another instrument, section 6851, G. S. 1913, this court has often held that a deed accompanied by a contract or bond to reconvey is prima facie evidence of a conditional sale. Dunnell, Minn. Dig. § 6156.

Thus, in Weide v. Gehl, 21 Minn. 449, where there was an interval of three days between the execution of the deed and that of the bond and neither referred to the other, and notes were given of even date with the deed, the court said that the deed and the bond appeared to be entirely independent of each other, evidencing different transactions, the deed an absolute sale and conveyance and the bond a subsequent and independant agreement to sell and convey. But in Butman v. James, 34 Minn. 547, 27 N. W. 66, the

court said that, while a deed and a contemporaneous agreement to reconvey are prima facie evidence of a conditional sale, the party claiming under the agreement may always show that in legal effect the transaction was a mortgage and not a sale.. Here there was a long interval between the execution of the deed and the making of the contract to reconvey, but both were parts of one transaction and, in the eye of the law, all the steps in the course of the transaction are viewed together. The successive steps taken were evidenced by the four instruments heretofore mentioned, which were used to express and carry out the initial agreement, and hence they must be read together and given contemporaneous operation to promote the intent of the parties.

Laying aside their conflicting testimony and looking only to the written instruments, it seems clear that from the first there was an agreement that there should be a reconveyance of the property to plaintiff. Defendant did not intend to buy and plaintiff did not intend to sell the lot. The documentary evidence is so convincing as to require a finding that the deed was intended to be a mortgage.

The order is reversed and a new trial granted.