# HERMAN JEDDELOH AND ANOTHER v. WILLIAM P. ALTMAN.[1]

March 10, 1933.

No. 29,395.

*Francis Muekel,* for appellants.

*Hursh & Johnson,* for respondent.

[1]Reported in 247 N. W. 512.

HOLT, Justice.

The action was brought to recover an interest instalment upon a contract to convey 80 acres of land in Kanabec county. Defendant counterclaimed, alleging that he was the owner of the premises and conveyed the same to plaintiff Herman Jeddeloh, who as a part of the same transaction executed the contract to reconvey, and that the two instruments constituted an equitable mortgage. He asked for a decree accordingly and that plaintiffs be enjoined from terminating the contract by statutory notice. The court found the conveyance and contract to reconvey an equitable mortgage and granted the relief asked in the amended answer. Plaintiffs' motion for amended findings or a new trial being denied, judgment was entered, from which they appeal.

The finding that the conveyance from defendant and wife to plaintiff Herman Jeddeloh and the contract to reconvey to defendant by plaintiffs upon payment of $4,500 constituted an equitable mortgage is attacked as not supported by such evidence as the law requires.

The parties lived in the same community and were related by marriage, the daughter of defendant being the wife of a son of plaintiffs. Defendant owned a 120-acre farm, of which the 80 acres here involved constituted his homestead. There was a mortgage covering the whole farm on which there was over $5,700 due and in default. The holder of the mortgage threatened foreclosure. Defendant appealed to plaintiffs for help. Herman Jeddeloh agreed to take an assignment of the mortgage and carry it to accommodate defendant. In the meantime a bank had obtained and docketed a judgment for $3,000 against defendant. This became a lien on the 40 acres of the farm which were not the homestead. The parties sought legal advice. It was determined to foreclose the mortgage and bid in the 40 which was not the homestead for the full amount of the mortgage debt. This was done, and no equity was left in the 40 to justify redemption by the bank, and so its lien was wiped out. Plaintiff Herman Jeddeloh, in buying and foreclosing the mortgage, had paid out $7,300 of his own money. And to reim-

burse him and secure its repayment it was agreed that defendant and his wife should convey the homestead to him and then plaintiffs should give a contract to reconvey to defendant upon the payment of $4,500, on or before five years, with interest at six per cent, payable semi-annually; and the son, in whose name the 40 had been bid in, should give a contract to convey that 40 to defendant upon the payment of $2,800. The deed and contracts were made out pursuant to the agreement shortly after the redemption expired, no redemption having been made.

The attorney who advised the parties and drew the instruments testified; and his testimony is so convincing that the transaction evidenced by the conveyance to plaintiff Herman Jeddeloh and the contract in suit constituted an equitable mortgage that no findings to the contrary could stand. When the relation of the parties is considered, the bidding in of the 40 for the full amount of the mortgage debt, leaving the homestead free and clear, there could be no purpose in defendant's conveying the homestead 80 to plaintiff Herman Jeddeloh, except as part of the security for the money he had paid out in buying and foreclosing the mortgage. Plaintiff testified to no bargaining for the purchase of the farm or homestead at or about the time the conveyance and contracts for deed were executed or delivered. We consider the character and quantum of proof here measures up fully to what is required by such cases as Buse v. Page, 32 Minn. 111, 19 N. W. 736, 20 N. W. 95; Stitt v. Rat Portage Lbr. Co. 96 Minn. 27, 104 N. W. 561. There is no question but that Herman Jeddeloh bought the mortgage to aid defendant. Defendant always remained in possession of the farm, and the premises covered by the contract were always his homestead. The debt secured by that mortgage was the debt of defendant. As between the parties hereto, that debt was not considered paid by the foreclosure. It continued under the new arrangement. It is not of any great significance that no promissory notes were given; for the amount of the debt was the sum of the two contracts, viz. $7,300. The following cases are in point here: Jentzen v. Pruter, 148 Minn. 8, 180 N. W. 1004; Citizens Bank v. Meyer, 149 Minn. 94, 182 N. W.

913; Dennis v. Swanson, 176 Minn. 267, 223 N. W. 288; Sanderson v. Engel, 182 Minn. 256, 234 N. W. 450. G. S. 1923 (2 Mason, 1927) § 9573, forbidding presumptions in case of a conveyance from mortgagor to mortgagee and referred to in Roehrs v. Thompson, 179 Minn. 73, 228 N. W. 340, does not aid plaintiffs, for we think the court, regardless of any presumption that might be suggested, was required to find the transaction here involved an equitable mortgage.

Error is assigned on the ruling sustaining an objection to the offer in evidence of the verified complaint in an action brought by defendant and against the son. of plaintiffs, to whom the 40 was conveyed and who executed the contract to reconvey on payment of $2,800. It is claimed that the complaint therein admits that transaction to be a purchase. If so, the transaction respecting the part of the farm to which the present action relates is the same. The complaint offered in evidence is predicated upon a violation of the contract by taking possession of the land from the vendee in the. contract. It alleged the readiness and willingness of the vendee to pay and the refusal of the vendor to recognize any rights of the vendee in or to the 40. As a mortgagor, defendant would have the right of possession and the right to pay off or discharge the mortgage or pay up the contract. For the purpose of asserting his rights, it might be immaterial whether defendant as plaintiff in that action considered himself a vendee or a mortgagor. At any rate, there is no admission in the excluded pleading that is in denial of his contention herein that the transaction between the parties was an equitable mortgage to secure the $7,300 Herman Jeddeloh had advanced and paid out in behalf of defendant. No prejudice could result to plaintiffs from the ruling.

Plaintiffs asked for a new trial on the ground of newly discovered evidence. This evidence relates to the value of the land. There is absolutely no showing of diligence. No evidence of value was offered at the trial by plaintiffs. Incidentally, defendant introduced some evidence to the effect that Herman Jeddeloh thought of buying the farm for another son, and that $5,000 was mentioned as the

purchase price. The importance of evidence as to the value of the farm at the time the contract for deed was made seems to be an afterthought.

The judgment is affirmed.

OLSEN, JUSTICE, took no part.