## ALBERT F. DOD AND ANOTHER v. INVESTMENT CERTIFICATE COMPANY.[1]

No. 30,577.

October 11, 1935.

*Hunt & Palmer,* for appellants.
*Baldwin, Holmes, Mayall & Reavill,* for respondent.

STONE, JUSTICE.

The purpose of this action is to have a deed and contract for reconveyance of certain real estate hereinafter mentioned declared a mortgage. Plaintiffs, husband and wife, appeal from the order denying their alternative motion for amended findings of fact or a new trial.

In 1926 plaintiff Albert F. Dod was the owner of a lot in Duluth upon which he had a duplex dwelling constructed by one Dinsmore, a building contractor. The lot was subject to a $2,000

[1]Reported in 262 N. W. 683.

mortgage. It was necessary that Dod raise, including that sum, upwards of $17,000. The rear portion of the lot not needed for the new duplex was taken by Dinsmore at an agreed value of $1,500. The rest of the necessary money was procured from defendant upon terms stipulated by it and along these lines: $9,000 was procured from a new first mortgage. In June, 1927, plaintiffs deeded the property to Dinsmore, who, as part of the same transaction, gave plaintiff Albert F. Dod, as vendee, a contract for the conveyance of the property, the purchase price to be paid by Dod's assumption of the $9,000 mortgage, and payment, in instalments, of the further sum of $6,500. (On that purchase price Dod has paid a little more than $4,000 in cash.) Dinsmore then conveyed the property to defendant subject to the contract to Dod and assigned that contract to defendant.

The claim of plaintiffs is that the whole transaction was intended only to secure a debt; that their deed to Dinsmore and his contract back should, in consequence, be declared a mortgage. The trouble, from plaintiffs' standpoint, is that the findings, on adequate evidence, resolve the fact question against them. We need not go into the evidence. There were admissions, made by Albert F. Dod after the transaction, which are easily construed as meaning that he then considered his interest in the property that of a vendee under a contract for conveyance rather than that of a mortgagor.

The case is controlled by Westberg v. Wilson, 185 Minn. 307, 241 N. W. 315. The facts of the two cases are parallel. The whole proposition comes to about this. One who finances building construction may stipulate that he will buy rather than lend; that the owner must convey the property, absolutely and by warranty deed, to the building contractor, the latter then to contract to convey back to the original owner upon stated terms as to payment; and that the buyer will then take from the contractor a conveyance and assignment of the contract for deed. That, in substance, is just what defendant is found to have done in this case. The finding is not to be disturbed, on appeal, that the intention of the parties all through was just what the documents express and no other.

No time need be taken to distinguish such cases as Dennis v. Swanson, 176 Minn. 267, 223 N. W. 288, and Jeddeloh v. Altman, 188 Minn. 404, 247 N. W. 512, where the trial court found that the similar transaction in question did result in an equitable mortgage. In Lundeen v. Nyborg, 161 Minn. 391, 396, 201 N. W. 623, 625, we reversed a finding that a deed was not a mortgage upon the express ground that "the documentary evidence is so convincing as to require a finding that the deed was intended to be a mortgage." One of the contracts there involved explicitly stated that the conveyance in question was (161 Minn. 393) "as security" for the stated debt. Nothing of that kind is found in the documents underlying this case.

For the reasons stated, the order under review must be affirmed. So ordered.

UPON APPLICATION FOR REARGUMENT.

On November 1, 1935, the following opinion was filed:

STONE, JUSTICE.

The petition for rehearing properly invites attention to some errors in our statement of the facts, which have been corrected. We were wrong in some figures we first used concerning payments made by Mr. Dod and the unpaid balance on the contract. These errors do not affect the result; nor do they touch the determinative question whether the transaction resulted in a mortgage. The decision below negatived such a conclusion, and, for the reasons stated, we cannot disturb that decision.

Rehearing denied.