ADA T. SAXTON AND OTHERS v. L. N. CAMPBELL.[1]

March 28, 1941.

No. 32,670.

[1]Reported in 297 N. W. 348.

*Charles L. Clark,* for appellant.
*Knight B. Wilson* and *James A. Wilson,* for respondents.

STONE, JUSTICE.

Ejectment, tried without a jury. The decision was for plaintiffs.

The involved tract of 35 acres was formerly state school land. In October, 1928, defendant purchased it for $525, the sale being evidenced by the usual certificate of the state auditor. The down payment was only $78.75 with an additional $50 for the timber. Defendant was given 40 years within which to pay the residue, $446.25. The interest was fixed at four per cent per annum, payable annually on June 1. Defendant paid nothing more on the purchase price and nothing on account of interest or taxes after 1935. Under a contract of October 19, 1936, defendant sold three acres to Margaret Pickett. (Through mesne conveyance and by inheritance, plaintiffs have succeeded to her title.) The purchase price of the three acres was $150, paid to defendant.

Defendant's contract with Miss Pickett is crude. In its preparation, a standard form of contract for deed was used, with all of its provisions contemplating possible default in payment by vendee. There could be no such default by Miss Pickett because she had paid the price and was under no further obligation in that respect.

Her contract with defendant obligated him to make conveyance to her within two years. It recited that defendant "is giving as security for said delivery of deed an assignment" of the state auditor's certificate evidencing his purchase from the state. It went on to say that such assignment, which was executed and delivered by defendant, "is to be left in escrow at State Bank of Park Rapids" and that "it is agreed and understood that in the event said deed is not delivered within said specified time that said State Bank of Park Rapids are hereby instructed to deliver

said State Contract to said second party [Miss Pickett]." For a year or more before getting Miss Pickett's money, defendant paid neither interest nor taxes. After getting her money, he was equally oblivious to his obligations under the contract. From then on, he paid not a cent additional either as principal or interest on the purchase money owing the state or on account of taxes. The two years fixed by the contract having expired without conveyance from defendant to Miss Pickett, the escrow agent delivered to her defendant's assignment of his contract with the state. She or her successors in interest have since paid all the accrued taxes, delinquent and otherwise, and all interest due the state.

Defendant is in possession of the property and has erected thereon a cabin and garage. There is no evidence of the value of such improvements. They are not on the three acres purchased by Miss Pickett.

Defendant's sole defense is that his assignment of the state contract and subsequent delivery thereof to Miss Pickett should be considered a mortgage with the attendant right to redeem. The decision below was that the transaction between defendant and Miss Pickett was a contract giving defendant, for the stated period of two years, an alternative of performance. His election was not to pay more of the money due the state or the annually accruing taxes, but rather to permit delivery of his assignment to Miss Pickett so that from then on she could carry the whole burden and acquire title of the whole tract for herself.

In this record there is nothing upon which we can hold that view erroneous. True, defendant's contract with Miss Pickett recited that his assignment of the state auditor's certificate was "as security for" the delivery of the promised adequate deed to Miss Pickett. That was held below and, for all we can see properly considered, as equivalent to a measure of further assurance to the vendee of the title for which she had paid in full. In order to avail herself of it as she did, she had to assume defendant's burden under his contract with the state.

Whether a conveyance absolute in form is in fact a mortgage is a question of intention. Nitkey v. Ward, 199 Minn. 334, 271 N. W. 873. The determinative intention is not that of one of the parties. Before such transaction can properly be adjudged an equitable mortgage, it must be "made to appear that both parties so intended. Such has always been the rule." Westberg v. Wilson, 185 Minn. 307, 311, 241 N. W. 315, 317.

In the rather cryptic record—the facts are stipulated—there is nothing to indicate that Miss Pickett had any notion that she was becoming a mortgagee and defendant her mortgagor. There is nothing to indicate a purpose other than that appearing from the contract itself. It was only that defendant have the option, either to convey good title within two years, or to permit the escrow agent to deliver the state auditor's certificate with defendant's assignment thereof to Miss Pickett so that she could protect herself by paying for and taking title to the whole tract.

Judgment affirmed.

